FORD et al. v. BANKS.

No. 33805.   Sept. 26, 1950.

*222 P. 2d 744.*

R. E. Stephenson, of Sapulpa, for plaintiffs in error.

Speakman & Hughes and Roy Wildman, all of Sapulpa, for defendant in error.

CORN, J. This is an appeal from a district court judgment affirming a probate court's order setting aside a final decree of distribution, reissuing letters testamentary, reappointing the executor, and ordering readministration of the estate.

Pearl A. Banks died testate January 19, 1946. Under her will all property, real and personal, was divided in equal one-fifth parts between her husband, defendant in error named as executor, hereinafter called petitioner, and her two sons, a grandson and one daughter. The latter two are plaintiffs

in error and hereafter shall be designated as, respondents. The will, after making disposition of the property as above mentioned, contained the following provision.

"I hereby give, divise and bequeath to my daughter, Elwiza Ellen Ford, all of my clothing, jewelry and personal effects; all of the *household furniture and furnishings*, and all other personal effects such as, silverware, dishes, antique fixtures, pictures and other personal property belonging to or used in or about my home at the time of my death, that she may want, desire and select, and in the event there is any of the property mentioned herein in this section four that my said daughter does not desire or take, then and in that event the remaining portion aforesaid, I give and devise to my husband and other children equally and share and share alike, to be selected and divided among them by agreement as fairly and honestly as can be done."

The will was admitted to probate and in due course the executor (petitioner) filed his final account and moved for a decree of distribution and final discharge. Included in the final account as assets of the estate were household furniture, silverware, jewelry, and wearing apparel.

August 23, 1946, the county court entered an order allowing the final account, determining heirs and making distribution of the estate according to terms of the will, except that it recognized the petitioner's election as follows:

"and *ditribution* (sic) distribution of said estate according to the petition, and in accordance with the terms of the last will and testament of the said Pearl A. Banks, deceased, is hereby ordered, with the exception and condition with reference to the terms and conditions of the will of said deceased, Pearl A. Banks, as said will applies to and effects the said J. T. Banks, husband of said Pearl A. Banks, at the time of her death, to-wit: the said J. T. Banks in open Court and before final distribution of said estate states to The Court, that he elects to take under the *law*

*of descent and distribution as to the cash* money belonging to said estate, and *elects to take under the will as to all other property of the said estate,* which said *election is hereby approved by the Court and it is so ordered.*"

The final decree distributed the property according to terms of the will and petitioner's election, and also set over to respondent all jewelry, clothing, silverware, personal effects and antique fixtures, closed the estate and discharged petitioner, as executor, from further responsibility. No distribution was made of the household furniture and furnishings.

November 8, 1947, petitioner applied to the county court for reissuance of letters testamentary and reappointment as executor, alleging that respondent was claiming there was certain personal property not contained in the inventory and not distributed by the court, and that the decree of distribution thus was void; that if the decree was void for having been obtained wrongfully, then a cloud was cast upon the title to the real property conveyed by the decree. Further, that fraud had been practiced by respondent by inducing him to make the election which he made, since respondent agreed to select a portion of the household property and leave the remainder, but respondent failed to keep her agreement. The petition then asked to relitigate the matters and to permit him to make a fair election to take by descent and distribution.

Respondents moved to dismiss the petition for reappointment on the ground the county court lacked jurisdiction to reappoint an executor or made redistribution of the property in a manner different from that first ordered; and, that by reason of the county court's failure to make adjudication respecting the household goods, a suit in equity had been brought in the district court to compel distribution of the omitted property and the county court was without jurisdiction to grant peti-

tioner relief, the original administration proceedings having been closed.

December 30, 1947, respondent Ellen Ford, as plaintiff, filed an action in the district court alleging petitioner had wrongfully failed to call the county court's attention to the household goods devised to respondent and thus lead the county court into error by making only a partial distribution of the property devised to her by the will; that petitioner was in possession of this property, claiming it as his own and refusing to deliver same to respondent, and asked the court to decree and adjudge his pretended claims to be null and void, order the property delivered to plaintiff and quiet title thereto in her, or to give her judgment for the value thereof. A second cause of action sought money judgment for damages for items of property diverted from and alleged to be beyond respondent's reach.

Petitioner filed his amended answer in this action, setting up the district court's lack of jurisdiction to determine a probate matter; that the petition to reissue letters testamentary had been filed in the county court in order to adjudicate the controversy and the district court action should be dismissed; that respondent (plaintiff) was estopped from asserting her claims since the decree of the county court had become final and her present action constituted a collateral attack upon such judgment; that she had accepted the benefits to which she was entitled by the county court judgment and was estopped to deny the validity thereof. Respondent then filed her reply in this case.

January 19, 1948, the county court ordered the estate reopened, reappointed petitioner as executor and reissued letters testamentary. Respondents gave notice of appeal from this judgment to the district court. Thereafter a motion was filed to reverse the orders and judgment of the county court denying respondents' application to dismiss for want of jurisdiction, and to reverse the order setting aside the final decree, and to reverse all other orders and judgments of the county court entered on January 19, 1948.

Upon hearing in the district court respondents' motion to reverse the judgment and orders of the county court was overruled, and the appeal from the probate court was dismissed, and respondents elected to stand upon such judgment and appeal to this court. Thereafter respondents applied to this court for writ of prohibition, prohibiting the probate court from proceeding in the readministration of the property of the estate. To this application the county court filed response indicating that the court had no intention of proceeding further in the cause until determination of the issues on appeal, and then to proceed only in conformity with the mandate of the Supreme Court.

It is contended by respondents (plaintiffs in error) that the judgment of the county court (January 19, 1948) setting aside the final decree of distribution, reappointing petitioner as executor, and ordering readministration of the estate, was void, being beyond the jurisdiction of the county court.

This record discloses no necessity for consideration of any matters other than the one question as to whether the county court had the statutory authority to reopen the estate and reissue letters testamentary for the purpose of readministration of the estate to include property devised to respondent, but not distributed to her under the final decree of distribution.

58 O. S. 1941 §692 provides as follows:

"The final settlement of an estate, as hereinbefore provided, shall not prevent a subsequent issue of letters testamentary or of administration, or of administration with the will annexed if other property of the estate discovered, or if it become necessary or proper for any cause that letters should be again issued."

The first direction contained in the above statute clearly shows that letters testamentary may be reissued by a probate court where other property of the estate is discovered. This necessarily would cover instances where property was omitted from the executor's inventory and accounting of the assets of the estate. It is clear that in all instances where the existence of additional property of an estate was discovered after a final decree of distribution and discharge of the executor had been rendered by the county court, the provisions of section 692, supra, would provide the means for reopening the estate in order to administer upon such property.

However, the inquiry herein must be as to whether the remaining portion of the statute, supra, giving the probate court authority to reissue letters testamentary ". . . if it becomes necessary or proper for any cause that letters should again be issued," contemplated permitting a probate court to reissue letters in such an instance as is herein presented.

However, section 692, supra, does not authorize the county court to set aside the final decree of the property administered and readminister on the same property. To this extent the trial court erred.

Most certainly it does not admit of argument that, where property belonging to an estate is discovered after final distribution of the known assets has been made, a probate court has authority to reissue letters testamentary in order to distribute the property, without the necessity of vacating entirely the final decree already entered. Nothing could be plainer than that the intent and purpose of this statute is to take care of such instances, by providing an orderly procedure for handling such situations without the necessity for vacating a final decree already entered and thus distributing rights already vested.

Likewise, the final provision of this statute must have been enacted for a similar purpose. By this part of the statute the probate court is vested with discretion in certain instances, to reissue letters testamentary upon determination that to do so is necessary or proper.

Upon the showing made herein the probate court properly ascertained the necessity for reopening this matter and reissuing letters testamentary, since it was made to appear to the court that there remained property of the estate which had not been distributed under the court's decree of distribution, and it being necessary for the proceedings to be reopened to the extent that such property could be administered upon.

We are of the opinion that the statute herein considered provides an orderly procedure whereby probate court is vested with the discretion upon proper showing being made, to reopen an estate wherein final decree of distribution and discharge has been entered, to the extent of readministering and distributing property of the estate which it failed to distribute to the rightful devisees in the original decree of distribution.

We have considered the application of defendant in error J. T. Banks, made to the county court, to vacate the decree of distribution on the ground of fraud. It is a settled rule in this jurisdiction that fraud which vitiates judgments and which will authorize a court of equity to vacate it is fraud extraneous of the record by which the court was imposed upon in the proceedings, or by which the party complaining was prevented from having his interest fairly presented or fully considered by the court. Wright v. Saltmarsh, 174 Okla. 226, 50 P. 2d 694.

The allegations of the petition to vacate the decree of distribution are not sufficient, in our judgment, to constitute an allegation of fraud which would

authorize the county court to vacate the decree of distribution.

Judgment affirmed as modified.

ARNOLD, V.C.J., and GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.