Matter of the **ESTATE** of **WOOK-KAH-NAH**, Deceased, Comanche Enrolled Restricted Indian No. 1927.

No. 37868.

Supreme Court of Oklahoma.

March 10, 1959.

Rehearing Denied June 2, 1959.

Application for Leave to File Second Petition for Rehearing Denied Sept. 29, 1959.

Houston E. Bus Hill, Oklahoma City, Funston Flanagan, Walters, for plaintiffs in error.

Phil E. Daugherty and John M. McPherren, Oklahoma City, William T. Powell, Walters, for defendants in error.

DAVISON, Chief Justice.

This is an appeal from an order of the district court, on appeal from the county

court, removing restrictions on the authority of an administrator de bonis non with will annexed of the estate of Wook-Kah-Nah, deceased, a full-blood Comanche Indian woman. Six of her heirs had applied for such an order and will be referred to herein as petitioners. The remaining two heirs opposed the application and will be referred to as respondents.

The decedent died testate at the approximate age of eighty years, leaving eight heirs as follows: Maude Red Elk, a daughter, Eula Sue Kanitobe, a daughter, George Homovich, a son, Bessie Karty, a daughter, Leon Tannah, a grandson, and Illena Floyd Kosechata, a granddaughter, all petitioners, herein, and Jane Asenap, a daughter, and Wilfred Tabbytite, a son, who are respondents herein. Insofar as her unrestricted property was concerned, her will was admitted to probate and an administrator with will annexed was appointed. Her estate was administered and final decree entered distributing the estate and discharging the administrator. Because it has no bearing on the matter now before us, we need not delineate the proceedings before the proper federal authorities with reference to the restricted property of said decedent.

On September 21, 1953, the decedent was adjudged to be an incompetent and a guardian was appointed for her, who continued to manage her property until her death on February 23, 1956. During a period of some 27 months immediately prior to the appointment of the guardian, all of decedent's funds on deposit with the Indian Agency were free of restrictions and subject to withdrawal without restraint.

Subsequent to the distribution of said estate and discharge of the administrator, the petitioners filed petitions seeking the vacation of said final order and the appointment of an administrator in succession for the purpose of recovering overpayment of income taxes and of filing an action against the respondents herein "for the recovery of more than $250,000.00 that was obtained by them from Wook-Kah-Nah during a period of approximately 18 months before Wook-Kah-Nah was declared legally incompetent." A full hearing was had and the court appointed an administrator in succession for the sole purpose of taking such steps as necessary for the recovery of overpayment of income taxes. As to all other relief sought the petitioners were denied. Petitioners appealed to the district court where in due time the order of the county court was sustained except that "the orders of the County Court imposing restrictions upon the powers and duties of said administrator are hereby modified deleting all restrictions therefrom." This appeal has been perfected by the respondents from said order.

Although some six propositions are here presented by the respondents only two primary assertions of error are involved, namely, that the original order of the county court decreeing distribution and discharging the administrator was final and conclusive and was not subject to vacation; that no grounds existed authorizing the appointment of an administrator in succession.

The statute granting authority to the county court in such matters is 58 O.S.1951 § 692, which provides as follows:

"The final settlement of an estate, as hereinbefore provided, shall not prevent a subsequent issue of letters testamentary or of administration, or of administration, with the will annexed if other property of the estate discovered, or if it become necessary or proper for any cause that letters should be again issued."

This court has had very few occasions to consider the application of said section. However, in the case of Ford v. Banks, 203 Okl. 411, 222 P.2d 744, 747, it was pointed out that:

" * * * the statute herein considered provides an orderly procedure whereby a probate court is vested with the discretion upon proper showing being made, to reopen an estate wherein

final decree of distribution and discharge has been entered, to the extent of readministering and distributing property of the estate which it failed to distribute to the rightful devisees in the original decree of distribution."
but it was further therein held that the statute does not authorize the county court to set aside the final decree as to property already administered.

In the case now being considered the county court and also the district court on appeal refused to vacate the order of distribution and discharge which action was proper and was in harmony with the opinion in the Ford v. Banks case, supra. Therefore, respondent's first proposition above stated has no application herein. The sole issue to be determined is whether or not the appointment of an administrator de bonis non with will annexed was within the authority granted by the above quoted section 692. It is our judgment that it was.

The only logical meaning that can be given to said section is that the county court or the district court on appeal may, within sound legal discretion, appoint an administrator in succession, "if other property of the estate (is) discovered, or if it become necessary ·or proper for any cause that letters should be again issued." What facts make it necessary or proper are not defined but that decision is left to the sound discretion of the probate court or district court on appeal. But, in any event, the decree of distribution remains final and is not disturbed by the subsequent appointment. Such also was the observation in the case of O'Brien v. Nelson, 164 Cal. 573, 129 P. 985, by the court of California, whence our statute came.

The probate court had no authority to adjudicate the issues in the alleged action for the prosecution of which the appointment of an administrator was sought. This court must, in due course on appeal, determine only whether or not there has been an abuse of discretion in making or refusing the appointment. In the case now be-fore us we have carefully examined the entire record and find no abuse of discretion.

The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.