BOYD BORMANN, Plaintiff-Appellant, *v.* WARREN L. SIMPSON, Adm'r of the Estate of Guy Simpson, Deceased, Defendant-Appellee.

Fifth District   No. 76-201

Opinion filed January 13, 1977.

Richard Kruger, of Metropolis, for appellant.

Fowler & Novick, of Marion, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment of the circuit court of Johnson County granting defendant's motion for judgment on the pleadings.

Defendant Warren Simpson as the administrator of the estate of the decedent, Guy Simpson, was ordered by the circuit court to sell the personal property of the decedent which included the sale of a certain tractor. Plaintiff alleges that at the auction sale of this particular tractor, certain statements were made by the auctioneer regarding the high quality of this tractor. Bormann, allegedly relying on these statements, purchased the tractor. When plaintiff attempted to use the tractor for plowing on his farm he found it to be defective in several major respects. Upon discovering these defects, Bormann telephoned the defendant and was told that defendant could not help him. Plaintiff made extensive repairs to the tractor.

Bormann then filed suit charging that the tractor he purchased had been expressly warranted by defendant's agent, the auctioneer. Additionally, plaintiff alleged that Simpson knew of the tractor's poor mechanical condition, heard the false statements of the auctioneer and failed to correct them, thereby committing fraud in the sale. The trial court granted defendant's motion to dismiss both counts of the complaint.

Plaintiff contends (1) that this was not a judicial sale as no judicial

confirmation of the sale was ordered, (2) that the Uniform Commercial Code applies to this sale, (3) that he should be entitled to recover damages from the estate for breach of express warranty, and (4) that he is entitled to recover damages from the estate of the decedent due to fraud by the defendant in the sale. We shall deal with these arguments in the order stated.

■■■ A judicial sale is generally one made under the process of a court having competent authority to order, by a person legally appointed and commissioned to sell, and which is subject to confirmation by the court. (*Craddick v. Cotta Gear Co.*, 306 Ill. App. 459, 28 N.E.2d 734.) There is no claim by the plaintiff that this sale fails in any respect to conform to the definition of a judicial sale, except that it was not required to be confirmed by the court. While confirmation by the court is required in judicial sales of real property (see Ill. Rev. Stat. 1961, ch. 3, par. 239), it is not included as a requirement in sales of personal property. Ill. Rev. Stat. 1961, ch. 3, par. 209.

■■ Appellant also contends that this sale should be governed by the Uniform Commercial Code (Ill. Rev. Stat. 1961, ch. 26, pars. 1—101 *et seq.*). No authority, other than the general provisions relating to the scope of the Uniform Commercial Code, is cited in support of this argument. It is sufficient for our purposes to state that a judicial sale is not within the purview of the Uniform Commercial Code as the laws governing such sales are governed by the common law. This is explained in the official comment to section 2—312 of the Code (Ill. Ann. Stat., ch. 26, par..2—312 (Smith-Hurd 1963) concerning implied warranties in sale of goods. Comment 5 states:

> "Subsection (2) recognizes that sales by sheriffs, executors, foreclosing lienors and persons similarly situated are so far out of the ordinary commercial course that their peculiar character is immediately apparent to the buyer. * * *."

Then too, in American Jurisprudence 2d it is stated:

> "While the Uniform Commercial Code speaks in terms of warranties of title or against infringement, or express or implied warranties as given by 'the seller,' the Code has no provisions that would change the general principles [common law] discussed above." 67 Am. Jur. 2d *Sales* §427 (1973).

Due, therefore, to the "peculiar nature" of judicial sales, they are not within the scope of the Illinois Commercial Code and common law rules govern them.

We turn to consideration of whether count I of appellant's complaint alleging breach of express warranty was properly dismissed.

■■ The long-recognized rule in Illinois is that in judicial sales, the doctrine of caveat emptor is strictly applied. (*Bingham v. Maxcy*, 15 Ill. 295; *England v. Clark*, 5 Ill. 486; *Bishop v. O'Conner*, 69 Ill. 431.) No

warranty of title, quality, or quantity is implied in such sales. (*Leininger v. Reichle*, 317 Ill. 625, 148 N.E. 384; *Shup v. Calvert*, 174 Ill. 500, 51 N.E. 828.) Since the representative sells only the interest that was vested in the deceased, the purchaser acts at his peril, and must inquire into the title and ascertain the quality of the property before he makes a purchase. (*Ray v. Virgin*, 12 Ill. 216.) Therefore, neither the estate nor the administrator personally are liable for a breach of an implied warranty of quality or title. In this case, however, appellant alleges the breach of an express warranty. The rule of caveat emptor cannot apply in cases where the administrator expressly warrants the quality of the goods sold. (*Welch v. Hoyt*, 24 Ill. 118.) However, the administrator is not authorized to bind the estate by making an express warranty. A warranty is a contract. The administrator is given no power to enter into contracts of warranty for the estate. If he warrants the goods expressly, he binds himself personally, not the estate. The court in *Welch v. Hoyt*, 24 Ill. 118, stated:

> "We do not now wish to be understood that the administrator was so authorized to bind the estate by the warranty, or that he might be sued upon it as administrator; * * *." 24 Ill. 118, 119.

■■ In this case the plaintiff is suing the defendant in defendant's capacity as administrator and seeking damages for breach of express warranty from the estate. Applying the aforementioned rule to this case, it is clear that plaintiff's argument that the estate be liable for breach of the express warranty has no merit. The estate takes no part in the court-ordered sale of the decedent's property, and neither the estate nor the court authorizes the administrator to enter into covenants binding upon the estate. If an administrator warrants the goods expressly, he does so personally and must be sued individually and not in his official capacity as representative of the estate. The trial court properly dismissed count I of plaintiff's complaint.

■■ Finally, we must determine whether appellant's allegation of fraud by the defendant administrator was properly dismissed. As we have stated, the general rule is that caveat emptor applies to judicial sales. (*Ray v. Virgin*, 12 Ill. 216.) However, it is well established that if fraud is alleged, the court will refuse to apply the doctrine of caveat emptor to the sale. In *Ray v. Virgin*, 12 Ill. 216, the court excused the payment of a promissory note given in consideration of horses at a judicial sale on the grounds that the administrator had fraudulently induced the sale. The court stated:

> "The contract is executory, and being founded in fraud, cannot be enforced. Had the contract been executed, it might be impracticable to allow the money received, to be recovered back, and the injured party would have to seek redress against the administrator personally." (12 Ill. 216, 217.)

In the instant case, the contract has been executed and payment in full

received by the estate. The traditional remedy in cases where fraud was present has been to not enforce a promissory note given for the goods purchased (*Ray v. Virgin*, 12 Ill. 116) or to void the sale (31 Am. Jur. 2d *Executors and Administrators* §400 (1967)). Neither of these remedies would be appropriate in the present case as payment has been made and the purchaser has made extensive repairs to the goods and seeks reimbursement therefor. Appellant claims to be entitled to the difference between the value of the goods as fraudulently represented and the actual value, computed by the repairs made to put the goods in the condition as represented. It is our opinion that the damages sought by the appellant in his complaint are improper. Judicial sales, as we have stated, are of a peculiar nature. Unlike ordinary sales transactions, the proceeds from judicial sales are not kept by the vendor as in ordinary sales, but are distributed to the creditors of the estate to satisfy debts. The need for stability and finality in such sales is great. Both the estate and its creditors are entitled to rely on the final distribution of the proceeds of a judicial sale. This stability would not be so greatly affected where a purchaser, having been fraudulently induced to make the purchase, re-tenders the goods upon discovery of the misrepresentation and is reimbursed in the amount of the purchase price. Where, however, the purchaser, instead of seeking to rescind the sale, remains in possession of the goods, thereby allowing distribution of the proceeds of the sale to creditors, he is estopped from protesting the sale. By repairing or improving the item purchased, the purchaser has chosen to retain possession of the goods, and has lost his right to and interest in rendering the sale void and recovering his purchase price.

There is also an additional question in this case as to whether the appellant could properly bring an action for fraud against the estate, there being authority in other jurisdictions to the effect that such an action is proper only against the administrator personally. (See *Huffman v. Hendry* (1893), 9 Ind. App. 324, 36 N.E. 727.) However, we do not deem it necessary in this case to decide this question.

Accordingly, we affirm the circuit court's dismissal with prejudice of both counts of plaintiff's complaint and the granting of defendant's motion for judgment on the pleadings.

Affirmed.

CARTER, P. J., and EBERSPACHER, J., concur.