HARRY REID, Administrator of the Estate of LYNN E. ANDRIST, Deceased, Appellant, v. ROBERTA SCHEFFLER, CAROL TANNER, BOBBY PICKETT and CHARLENE M. PICKETT, Respondents.

No. 9894

April 6, 1979                    592 P.2d 948

*Reid & Alverson,* Las Vegas, for Appellant.

*Galatz, Earl & Biggar,* Las Vegas, and *Albright & McGimsey,* Las Vegas, for Respondents.

## OPINION

By the Court, Manoukian, J.:

This is an appeal from an order of the district court reopening the decedent's estate and granting respondents leave to file claims for personal injuries arising out of a 1975 automobile accident in which Andrist was killed. The claims were not barred by the statute of limitations, and the estate was

reopened only to the extent that automobile liability insurance coverage was available to satisfy claims against the decedent. In fact, the trial judge specifically ordered that there could be no recovery from any other assets of the estate.

The object of respondents' motion to reopen the estate was to secure a defendant upon whom process could be served. Kotecki v. Augusztiny, 87 Nev. 393, 482 P.2d 925 (1971); Bodine v. Stinson, 85 Nev. 657, 461 P.2d 868 (1969). The recovery sought was limited to the automobile liability insurance policy covering the car decedent was driving at the time of the accident. The insurance policy was not subject to administration in the probate proceedings and the administrator was apparently unaware of the existence of the coverage. Insofar as the insurance policy provided for indemnity against judgments and protected other assets of the decedent, it was a unique asset. Schloegl v. Nardi, 234 N.E.2d 558 (Ill.App. 1968); In re Estate of McDonald, 239 N.E.2d 277 (Ohio Prob. 1966).

NRS 151.240 provides the trial judge with authority to issue subsequent letters of administration "should it become necessary or proper from any cause." Respondent's failure to file creditor's claims in the probate proceedings was not the result of a lack of diligence. Gardner Hotel Sup. v. Estate of Clark, 83 Nev. 388, 432 P.2d 495 (1967). Indeed, they received no notice of the opening or closing of the estate. The asset they sought to reach was not included in the decedent's probate estate and was therefore not subjected to administration and distribution. Under the circumstances, the trial judge acted within the permissible bounds of his discretion in granting respondent's motion to reopen. See Ford v. Banks, 222 P.2d 744 (Okl. 1950). Accordingly, the order is affirmed.

Respondents filed a motion to dismiss the appeal on the grounds that it was not timely filed. However, because notice of entry of judgment was not filed with the clerk of the district court, and is not included in the record on appeal, we are unable to determine when the time within which to appeal commenced to run. Accordingly, we deny their motion. NRCP 5(d); NRAP 4(a).

Affirmed.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result.

With all due respect, however, I do not agree that respondent's motion to dismiss should be denied "because notice of entry of judgment was not filed with the clerk of the district

court, and is not included in the record on appeal." This suggests the record is inadequate to decide the issue raised, which is whether informal "notice of entry of judgment," by letter, is legally sufficient.[1] In my view, formal notice is required.[2] We can and should resolve this issue.

Looking to the merits, I note that, under our established practice, a personal injury action to reach policy proceeds must name the tortfeasor or the tortfeasor's personal representative as the party defendant—rather than proceeding as a direct action against the insurance carrier, commenced by the injured party as a creditor beneficiary. This is purely a procedural concession to insurance companies, to lessen the prospect of jury prejudice.

"[W]here the reason for a rule stops, there stops the rule." Ewing v. Sargent, 87 Nev. 74, 80, 482 P.2d 819, 823 (1971). There is, of course, no reason whatever for this court to allow insurance companies to defeat coverage that has been paid for, through technical application of our probate statutes. Where insurance proceeds have not been exhausted by prior suits, nothing but the statute of limitations should bar recovery upon a liability insurance policy. Thus, I respectfully decline to join in language suggesting that, in some future case, "lack of diligence" in following probate code procedures—or listing the policy as an asset in the probate estate—might preclude an action brought to reach policy proceeds.

---

[1]Respondents contend, and appellant concedes, that an informal, letter notice was given.

[2]"[A] regular, formal written notice must be given. . . . This is much the best rule." D'Errico v. D'Errico, 51 Nev. 76, 81, 269 P.26, 27 (1928).