359 N.W.2d 183 (1984)
In the Matter of the ESTATE OF Anne Rose WITZKE, Deceased.
Edward J. WYKOFF and Mary E. Wykoff, Appellants,
v.
William A. WITZKE and Jack Steven Witzke, Appellees.
No. 83-1057.
Supreme Court of Iowa.
December 19, 1984.
Lyle A. Rodenburg and Robert Rodenburg, Council Bluffs, for appellants.
Richard A. Heininger of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellees.
Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.
McGIVERIN, Justice.
Petitioners Edward J. and Mary E. Wykoff appeal from the denial of their petition to reopen the estate of Anne Rose Witzke, deceased, so that a sale of realty to them by the estate's administrator may be rescinded. We affirm.
I. Background and proceedings. On August 12, 1980, petitioners entered into a *184 purchase agreement for certain real estate in Council Bluffs with William A. Witzke, administrator of the estate of Anne Rose Witzke. Petitioners were issued a Court Officer's Deed for the land on September 16. The estate had only two distributees, the aforementioned William A. Witzke and Jack Steven Witzke. The estate was closed, the estate funds distributed, and the administrator discharged by court order on November 21, 1980.
On October 12, 1982, petitioners filed a petition to reopen administration of the Witzke estate. They alleged that the administrator willfully and fraudulently misrepresented the boundaries of the real estate he sold to them and that they did not discover the true boundaries of the realty until January 1981 after the estate had been closed. They sought reopening of the estate, rescission of the sale to them by the administrator, restitution of their purchase money, and payment of consequential damages from the estate. William and Jack Witzke resisted the petition, denying that any fraudulent misrepresentation had occurred and also maintaining that petitioners had no right to reopen the estate.
After hearing, on January 31, 1983, the petition was denied. The district court found that because the probation and administration of estates is strictly a statutory entity, it could only order or direct that which is specifically provided for by the statutes applicable thereto. The court noted that Division VII, Part 9 of the Iowa Code chapter 633 treats the reopening of closed estates. This Part consists of sections 633.487, .488 and .489. The court held that sections 633.487 and 633.488 were not applicable to the issues raised by the petition. It then proceeded to consider whether the petition could be granted pursuant to section 633.489, the first sentence of which reads, "Upon the petition of any interested person, the court may, with such notice as it may prescribe, order an estate reopened if other property be discovered, if any necessary act remains unperformed, or for any other proper cause appearing to the court."
Relying on the Iowa State Bar Association Committee Comment to section 633.489, the court found that the purpose of that section was to permit the reopening of an estate to allow administration of newly discovered property or performance of required but omitted acts of the administrator. Because the petitioners' purpose in reopening the estate was to remedy an alleged breach of contract by the administrator, the court concluded that the petition to reopen could not be granted pursuant to section 633.489. Petitioners appealed.
Appellees have filed a motion to dismiss the appeal under Iowa R.App.P. 23(a), claiming the appeal was untimely. After consideration, we hereby overrule the motion and proceed to the merits of the appeal.
II. Interpretation of section 633.489. Section 633.489 provides that upon the petition of an "interested person," the court "may" reopen an estate "if other property be discovered, if any necessary act remains unperformed, or for any other proper cause appearing to the court." In resisting the petition to reopen the Witzke estate, William and Jack Witzke contended (1) that petitioners are not "interested persons" within the meaning of the statute; and (2) that petitioners did not allege "proper cause," within the meaning of the statute, for reopening the estate. We do not decide the correctness of the Witzkes' first contention, because we believe the trial court acted permissibly in ruling that no proper cause for reopening the estate was alleged.
Petitioners do not allege that any property of the Witzke estate has been newly discovered. They do, however, contend that the satisfaction of their claims against the estate based on the allegedly fraudulent conduct of the administrator is a "necessary act" within the meaning of section 633.489. We disagree. We conclude that the district court was correct in holding that the phrase "necessary act" in section 633.489 refers to an act that is required by law of the administrator in order to properly close the estate. See *185 Iowa Code § 633.489 Bar Committee Comment.
Finally, section 633.489 permits reopening of an estate "for any other proper cause appearing to the court." The meaning of this language is not explained in the statute, the legislative history thereof, or any decision of this court. We believe that it should be read as permitting the district court to exercise discretion in considering a petition that alleges a cause for reopening other than the two causes specifically enumerated in section 633.489 (discovery of property, performance of necessary act). See Succession of Yankovich, 289 So.2d 855, 858 (La.Ct.App.1974); Reid v. Scheffler, 95 Nev. 265, 592 P.2d 948, 949 (Nev. 1979). We will not reverse the district court unless its ruling constitutes an abuse of discretion.
We conclude that the denial of the petition to reopen was not an abuse of discretion. It is generally held that fraudulent misrepresentations by an administrator in selling estate property do not render the estate liable for damages, but only the administrator personally. See generally Annotation, 82 A.L.R.3d 892, 947 § 16 (1978); 34 C.J.S. Executors and Administrators § 664 (1942). Cf. Matter of Estate of Schield, 300 N.W.2d 302, 304 (Iowa 1981) (estate is not liable for negligence of administrator toward a third person in course of administering the estate).
The undesirability of allowing recovery by a purchaser against the estate (as distinguished from the administrator) was discussed in Borman v. Simpson, 45 Ill.App.3d 176, 3 Ill.Dec. 965, 969, 180, 359 N.E.2d 824, 828 (Ill.Ct.App.1977):
Judicial sales ... are of a peculiar nature. Unlike ordinary sales transactions, the proceeds from judicial sales are not kept by the vendor, ... but are distributed to the creditors of the estate to satisfy debts. The need for stability and finality in such sales is great. Both the estate and its creditors are entitled to rely on the final distribution of the proceeds of a judicial sale.
We agree. Cf. Ray v. Virgin, 12 Ill. 216, 217 (1850) (nonperformance by purchaser of executory sale contract with administrator that was founded on fraud was excused, but court noted that if contract had been executed, rescission of sale might be impracticable and injured party's remedy would be against administrator personally).
Other practical difficulties connected with the reopening of the estate under these circumstances include payment of attorney fees for representing the estate in the action against it, and payment of court costs by the estate if judgment should ultimately be entered against it. In connection therewith there would be the problem of the estate attempting to get back funds that had already been paid to the distributees or creditors prior to the closing of the estate so the reopened estate could honor petitioners' claim, if it is allowed by the court. We find no abuse of discretion on the part of the district court in ruling as it did.
The district court committed no error in denying the petition to reopen the estate. Accordingly, the case is affirmed.
AFFIRMED.