**IN THE COURT OF APPEALS OF IOWA**

No. 14-1826
Filed September 10, 2015

**MIDWESTONE BANK, the executor**
**of the ESTATE OF WILMA M.**
**HARBISON,**
     Plaintiff-Appellee,

**vs.**

**DONALD LEE HARBISON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Washington County, Randy S.

DeGeest, Judge.


Former executor challenges judgment entered against him for breach of

fiduciary duty. **AFFIRMED.**


Douglas L. Tindal of Tindal Law Office PLC, Washington, for appellant.

Joseph T. Moreland of Hayek, Brown, Moreland & Smith, L.L.P., Iowa

City, for appellee.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Donald Harbison, the former executor of his mother's estate, appeals from the judgment in the suit brought by the bank successor executor against him for breach of fiduciary duty and breach of confidential relationship arising out Harbison's self-dealing while acting as the attorney-in-fact for his mother for several years prior to her death. Following trial, the court found Harbison breached his fiduciary duty in seven particulars and entered judgment against Harbison and in favor of the estate for a total of $160,323.85. On appeal, Harbison challenges the district court's credibility findings and calculation of damages.

Review of this equitable action is de novo. *See* Iowa Code § 633.33 (2013); Iowa R. App. P. 6.907. We are not bound by the district court's findings of fact or conclusions of law, but we do give weight to the district court's credibility determinations. *See* Iowa R. App. P. 6.904(3)(g); *In re Estate of Warrington*, 686 N.W.2d 198, 202 (Iowa 2004).

We conclude the district court's findings are supported by the record and its conclusions of law are without error. We adopt them as our own. Harbison was engaged in self-dealing contrary to the fiduciary duty owed his mother. *See Mendenhall v. Judy*, 671 N.W.2d 452, 454 (Iowa 2003) ("A transfer to a grantee standing in a confidential or a fiduciary relationship to the grantor is presumptively fraudulent."). He failed to carry his heavy burden of establishing good faith on his part and voluntary and intelligent action on his mother's part in approving the challenged transactions. *See Jackson v. Schrader*, 676 N.W.2d

599, 605 (Iowa 2003) (stating to rebut the presumption of fraud the fiduciary must produce clear, satisfactory and convincing evidence he acted in good faith and the grantor's action were free, voluntary, and intelligent). The damages award is supported by the record. *See Olson v. Nieman's, LTD.*, 579 N.W.2d 299, 309 (Iowa 1998) (noting damages may be recovered if there is a reasonable basis in the evidence for inferring or approximating them).

We have considered each of the parties' arguments, whether or not set forth in full herein, and we affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**