# IN THE COURT OF APPEALS OF IOWA

No. 19-0681
Filed June 3, 2020

**CATHY KULA, CHARLENE KNUTSEN, MAVIS ENGLER, DENISE KULA and DAVID KULA,**
    Plaintiffs-Appellants,

**vs.**

**LEANNA MANTERNACH and DANIEL KULA,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Jones County, Chad Kepros, Judge.

The appellants appeal from the district court's dismissal of their petition in equity. **AFFIRMED.**

Gerald J. Kucera, Cedar Rapids, for appellant.

Nicholas L. Strittmatter, Monticello, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Following Doris Kula's death, five of her children filed a petition in equity requesting a complete accounting of Doris's property from her attorneys-in-fact. The district court dismissed the petition. We affirm.

Doris had nine children—Cathy Kula, Charlene Knutsen, Mavis Engler, Denise Kula, David Kula, Leanna Manternach, Daniel Kula, Marlene Paustian, and Willeen Engelken. On February 2, 2011, Doris named Leanna as an "Authorized Signer" on her bank account. On February 12, Doris signed a durable general power of attorney that named Leanna as Doris's attorney-in-fact and Marlene as a successor. But, on November 10, 2012, Doris signed another durable power of attorney. It named Leanna and/or Daniel as her attorneys-in-fact. And it expressly revoked all prior powers of attorney.

Both powers of attorney were prepared by Andrew McKean, Doris's attorney. Only McKean and Doris were present at the signings.

Even though she signed the powers of attorney, Doris remained adamant about controlling her own finances. Leanna helped Doris with writing out checks—but only with Doris's approval. Leanna and Doris would "sit together and write out checks." And Leanna "always wrote the checks out in her mother's presence." "Leanna reviewed the monthly checking account statements with Doris, and the checkbook never left Doris'[s] home."

Both before and after the powers of attorney were signed, however, Doris preferred to pay many expenses with cash. She regularly cashed her pension checks rather than depositing them. Leanna assisted this process by driving Doris to the bank. But Doris managed her own cash. She also kept her own records

and receipts. And Leanna had no say in what amounts Doris withdrew or how she used her funds. All proceeds from the pension checks were controlled by Doris. When Leanna or other children used Doris's cash, they did so only at her specific direction.

Doris passed away in December 2016. In January 2017, Mavis requested Leanna provide a complete accounting of Doris's finances. Leanna made several efforts to comply. But because Doris had made extensive use of cash—and because she kept her own records, many of which were unavailable following her death[1]—Leanna could only provide estimates. Unsatisfied, five of the children—Cathy, Charlene, Mavis, Denise, and David (petitioners)—filed a petition in equity against Leanna and Daniel (attorneys-in-fact).[2] They alleged the attorneys-in-fact had breached their fiduciary duties to Doris. Following a four-day trial, the district court found petitioners failed to prove their claims. The petitioners brought this appeal.

The petitioners contend the district court erred in (1) finding the attorneys-in-fact were not required to provide an accounting, (2) determining Leanna was not acting pursuant to a power of attorney when she signed certain checks for Doris, and (3) making credibility findings in favor of certain children, particularly Leanna. Our review for cases in equity is de novo. Iowa R. App. P. 6.907. "Under a de novo standard of review, we are not bound by the trial court's conclusions of law

---

[1] We expressly adopt the district court's finding that the missing records were unavailable to the attorneys-in-fact "through no fault of their own."

[2] Marlene and Willeen were originally named as respondents in the petition. Marlene and Willeen filed a motion to dismiss. The district court granted it, finding the allegations against the two related to their role as executors of Doris's estate and "should be brought within the ongoing case for the Estate of Doris Kula."

or findings of fact, although we do give weight to factual findings, particularly when they involve the credibility of witnesses." *In re Estate of Warrington*, 686 N.W.2d 198, 202 (Iowa 2004).

Following our de novo review, we find little to add to the district court's detailed, fourteen-page, single-spaced order. We adopt the district court's credibility findings, which the court made after "listen[ing] to each party who testified over a four day trial," "view[ing] each party's demeanor in the courtroom, both on and off the witness stand," and "carefully consider[ing] all of the evidence." *See Ruden v. Peach*, 904 N.W.2d 410, 413 (Iowa Ct. App. 2017); *Albert v. Conger*, 886 N.W.2d 877, 880 (Iowa Ct. App. 2016); *Hartford-Carlisle Sav. Bank v. Shivers*, 552 N.W.2d 909, 911 (Iowa Ct. App. 1996). And we agree with the district court's conclusion that the checks Leanna wrote for Doris were not actions "pursuant to the power of attorney, but were rather made" by Leanna "as an authorized signer on Doris's account . . . with Doris'[s] direct involvement and at Doris'[s] specific instruction." We also agree that the attorneys-in-fact had "no duty to account for transactions not made pursuant to the power of attorney and/or made by Doris herself." Moreover, by providing the petitioners with "detailed estimates and reconciliations," the attorneys-in-fact satisfied any duty of accounting they may have owed to the "greatest extent possible under the circumstances."

Additionally, like the district court, we find "no credible evidence that Doris'[s] funds were lost, stolen, or spent unwisely." Nor is there proof that "any transfer" of Doris's funds "benefited" the attorneys-in-fact. And we agree with the district court that "<u>all</u> transactions performed on Doris's behalf were proper."

In short, like the district court, we conclude the record shows no breach of duty by the attorneys-in-fact. The district court was correct in dismissing the petition. We affirm without further opinion. Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**