# IN THE COURT OF APPEALS OF IOWA

No. 19-1890
Filed September 2, 2020

**REVA SUE GONZALEZ,**
    Plaintiff-Appellant,

**vs.**

**CHRISTANE LABOY,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

Reva Gonzalez appeals the dismissal of her petition for the entry of a protective order. **AFFIRMED.**

Arianna N. Eddy of Iowa Legal Aid, Cedar Rapids, for appellant.

Christane Laboy, Washington, Indiana, self-represented appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

The following evidence was presented at a hearing on a petition for a protective order under Iowa Code chapter 236 (2019). Reva Gonzalez and Christane Laboy share a child, born in April 2019. At the time, they resided together in Indiana. Gonzalez testified Laboy began physically abusing her and using drugs shortly after the child's birth and, on September 25, Laboy started hitting her when she refused him money. During the alleged altercation, Gonzalez called her aunt, who "heard everything." The aunt testified she "was on video chat" with Gonzalez during the altercation, and she observed that Gonzalez "was pushed up in the bathroom and her face hit the door knob to the bathroom." The aunt claimed Gonzalez exhibited injuries, and "[t]here was pictures documented."[1] Gonzalez called law enforcement but, according to her, Laboy "twisted it" and told the police Gonzalez assaulted him. The police directed Gonzalez to leave the home. Gonzalez testified her aunt picked her up. The aunt testified Gonzalez was taken to the hospital by ambulance. Gonzalez moved to Iowa the next day. In his testimony, Laboy denied the allegations.

On September 30, Gonzalez filed her petition for relief from domestic abuse against Laboy. A temporary protective order was entered the same day. The matter proceeded to hearing on October 14. The same day, the court entered an order cancelling the temporary protective order and dismissing Gonzalez's petition for a permanent protective order. The court concluded Gonzalez "failed to meet

---

[1] No photographs of the alleged injuries were presented as evidence at the ensuing hearing on the petition.

her burden to prove immediate risk of physical harm because [Laboy] resides in another state and not in Iowa."

Gonzalez appeals. She raises several arguments, which generally boil down to a claim the court erred in concluding she failed to meet the appropriate evidentiary burden for entry of a protective order.

"District courts hear civil domestic abuse cases in equity, and we review them de novo." *Petition of Chapman*, 890 N.W.2d 853, 856 (Iowa 2017), as amended (May 8, 2017); *accord Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). Under this review, "we are not bound by the trial court's conclusions of law or findings of fact, although we do give weight to factual findings, particularly when they involve the credibility of witnesses." *Chapman*, 890 N.W.2d at 856 (quoting *In re Estate of Warrington*, 686 N.W.2d 198, 202 (Iowa 2004)); *accord* Iowa R. App. P. 6.904(3)(g). Our duty when reviewing a matter de novo is to "examine the entire record and adjudicate rights anew on the issues properly presented." *Alcor Life Extention Found. v. Richardson*, 785 N.W.2d 717, 722 (Iowa Ct. App. 2010).

We agree with Gonzalez that the court incorrectly required her to prove a current immediate risk of physical harm and the sole fact that Laboy lived in a different state was an insufficient basis to deny the petition. We turn to the overarching issue of whether Gonzalez met her burden under the correct legal framework.

To obtain a protective order under Iowa Code chapter 236, a plaintiff is only required to prove by a preponderance of the evidence that the defendant committed an act of domestic abuse. Iowa Code § 236.4(1); *Fishel v. Redenbaugh*, 939 N.W.2d 660, 662 (Iowa Ct. App. 2019). "A preponderance of

the evidence is the lowest degree of proof upon which issues of fact are determined." *State v. Beasley*, 50 N.W. 570, 570 (Iowa 1891). The quantity of evidence required of a party having the burden of proof in a civil action is "no more than will outweigh the evidence of the other side." *Hall v. Wright*, 156 N.W.2d 661, 667 (Iowa 1968).

Gonzalez and her aunt testified to conduct on the part of Laboy that would satisfy the statutory elements of domestic abuse.[2] Laboy denied the same. Thus, the question before us is one of credibility. Unfortunately, we are without the benefit of the district court's credibility findings. Upon our de novo review, and given the irreconcilable differences in accounts from Gonzalez and her aunt as to what occurred on the night in question and prior thereto, we find the evidence supporting a finding of domestic abuse is, at best, in equipoise. Where the evidence is in equipoise, the "plaintiff has not carried the burden of proof by a preponderance of the evidence." *Greenberg v. Alter Co.*, 124 N.W.2d 438, 442 (Iowa 1963). We affirm the denial of Gonzalez's petition for a protective order on the basis that she failed to meet the appropriate burden of proof.

**AFFIRMED.**

---

[2] "Domestic abuse" means any "assault as defined in section 708.1" where, among other circumstances, "[t]he assault is between family or household members who resided together at the time of the assault" or "[t]he assault is between persons who are parents of the same minor child, regardless of whether they have been married or have lived together at any time." Iowa Code § 236.2(2)(a), (c). Assault is a general intent crime under section 708.1(1), and occurs when a person, without justification, commits "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(a). Although the statute defines assault as a general intent crime, specific intent continues to be an element of the offense. *See State v. Bedard*, 668 N.W.2d 598, 600–01 (Iowa 2003).