In the Matter of the ESTATE OF Kathryn C. LYNCH, Deceased.

Donald Richard LYNCH, Appellant,

v.

The MERCHANTS NATIONAL BANK OF CEDAR RAPIDS, Appellee.

No. 91–1287.

Supreme Court of Iowa.

Oct. 21, 1992.

James T. Holmes of Holmes & Holmes, Cedar Rapids, for appellant.

Russell I. Hess, Raymond R. Stefani II, and Thomas F. Ochs of Gray, Stefani & Mitvalsky, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Petitioner filed a petition to reopen an estate. The district court found the petitioner's claim was barred by Iowa Code section 633.487 (1989) and that no proper cause for reopening the estate had been

established. Petitioner appeals from the court's denial of the petition. We reverse and remand.

## I. *Background.*

Kathryn C. Lynch died testate June 7, 1988. Her will was admitted to probate with Merchants National Bank (bank) and Donald Richard Lynch (Lynch) named as coexecutors. Attorney Russell Hess was designated the estate's attorney.

A probate report and inventory was filed September 13, 1988. The assets of a marital trust in which the decedent held a life estate and general power of appointment, were included in the probate inventory. The trust assets were valued at $430,609. The total gross estate, including the marital trust assets, was valued at $580,441.

The marital trust was established by the will of her husband, Donald R. Lynch, who died February 19, 1958. The bank was executor for his estate and trustee for the testamentary trust established by his will. Under her husband's will, Kathryn received the income from the trust for life and was given a general power of appointment over the trust corpus. However, his will provided that, should she fail to exercise her power of appointment, the corpus would pass to the remaindermen as designated in his will. Both Kathryn and the contingent remaindermen paid the Iowa inheritance tax on their interest in the marital trust.

On October 21, 1988, the executors filed an application for allowance of executor and attorney fees. In the application, the executors state that Lynch, the coexecutor and sole beneficiary of the estate, makes no claim for compensation. The application further reports that $11,728 is the statutory fee for the coexecutor bank and that $11,728 should be allowed to the attorney for the estate. The court allowed executor and attorney fees as requested.

An Iowa inheritance tax return was filed showing the value of the assets as reported on the probate inventory. The Iowa inheritance tax, in the sum of $24,588, was paid. An inheritance tax clearance was issued on March 30, 1989.

The final report was filed July 24, 1989. Lynch filed a receipt and waiver of notice of hearing on the final report. The estate was closed August 1, 1989.

Lynch, a resident of Wisconsin, was contacted several times by attorney James Holmes, who suggested that he contact him to discuss some tax issues concerning his mother's trust. Holmes was the attorney for the marital trust. Lynch, however, did not respond until after his mother's estate was closed. After conferring with Holmes, it was decided that a claim for refund of Iowa inheritance tax should be filed. Under Iowa law, a claim for refund of inheritance tax paid may be filed by a taxpayer within three years after the tax payment became due. Iowa Code § 450.-94(3).

In November 1989, Lynch and three other beneficiaries of the marital trust filed an amended inheritance tax return with a claim for refund. The amended return excluded the value of the marital trust assets. When this claim was denied, a protest was filed with the Iowa Department of Revenue and Finance (IDRF). The protest sought refund of $21,015.22 plus interest under an exception to Iowa Code section 450.3(4) to avoid double taxation. The protest was sustained on April 6, 1990, but on different grounds. The IDRF concluded:

"Double taxation" is not the issue in this case. The issue is whether or not Kathryn C. Lynch "possessed" the power of appointment on her death (or exercised it within the three years prior to her death) such that the corpus would pass via her estate either by will or by intestate succession. *See* Iowa Code § 450.3; 701 Iowa Admin.Code § 86.5(10)(f); and *Dieleman's Estate v. Dept. of Revenue,* 222 N.W.2d 459 (Iowa 1974). In the very narrow and unique circumstances of this case, the Department concludes she did not "possess" the power at death because: (1) no inter vivos transfer was attempted within the three years prior to her death; (2) her will did not act as an exercise of the power; (3) Donald's will did provide for contingent remaindermen in the case of non-exercise of the power; and (4) the corpus was not received by

remaindermen under Kathryn's will or from Kathryn through the laws of intestate succession. These remaindermen received through Donald's will alone and did not defer the inheritance taxes on that transfer but, rather, elected to pay them in 1959. The assessment should be cancelled.

Accordingly, the IDRF issued a refund as requested.

Lynch, on June 14, 1990, filed a petition to reopen Kathryn C. Lynch's estate. He urged that the fees paid to the coexecutor bank and its attorney were calculated on the probate inventory which erroneously included the marital trust assets. He requested that the court order the bank to reimburse fees over and above those for ordinary services which the bank paid to itself and its attorney.

The district court denied Lynch's petition, finding his claim barred by Iowa Code section 633.487. Furthermore, the court found he had not established proper cause to reopen the estate under Iowa Code section 633.489. The present appeal followed.

This is an action to reopen an estate. Actions to reopen an estate are tried as equitable actions. Iowa Code § 633.33. Our scope of review is de novo. Iowa R.App.P. 4.

## II. *Probate Inventory.*

The personal representative of an estate is required to file a report and inventory of the decedent's property. Iowa Code § 633.361. The inventory includes a description of all property of the decedent with its estimated value. Although the parties dispute whether the marital trust assets were required to be listed in the inventory, the real issue is whether the value of the marital trust assets is included in the gross estate when computing the maximum executor and attorney fees for ordinary services in the estate. The IDRF determined the marital trust assets did not pass through Kathryn's estate. Because she did not possess the power of appointment on her death, the marital trust assets were not subject to Iowa inheritance tax. Should statutory fees for ordinary services be calculated upon marital trust assets that are not subject to Iowa inheritance tax?

## III. *Executor and Attorney Fees.*

■ Iowa Code section 633.197 sets forth the maximum fee for ordinary services rendered by personal representatives. The maximum fee is calculated by applying the statutory schedule of fees to the gross assets of the estate as listed in the probate inventory for Iowa inheritance tax purposes. The gross assets of the estate listed in the probate inventory for inheritance tax purposes include all property passing by any method of transfer specified in Iowa Code section 450.3, without reduction for the liabilities specified in Iowa Code section 450.12. 701 Iowa Admin.Code § 86.1(1)(g). The attorney's fees are calculated in the same way. Iowa Code § 633.-198. Here, the fees were calculated on a gross estate which included the marital trust assets. The bank argues that the marital trust assets were properly included in the gross assets of the estate and that it was not a mistake for the court to compute the fees upon that basis.

Unless special circumstances are called to the court's attention, the court may rely upon the contents of the probate file in determining the nature and extent of services rendered. Iowa R.Prob.P. 2(b). In determining the value of gross assets for purposes of determining the maximum fee for ordinary services, the court should not include the value of joint tenancy property which is excludable from the taxable estate, or the value of life insurance payable to a designated beneficiary. *Id.* We believe the value of the gross assets of the estate should be the value used for Iowa inheritance tax purposes. Although the estimated value shown on the initial inventory may be used by the court in determining fees, where a different value is used for Iowa inheritance tax purposes, the value for inheritance tax purposes should be used.

## IV. *Limitation on Actions.*

■ Even if the fees were incorrectly allowed, the bank contends Iowa Code sec-

tion 633.487 bars any attempt by Lynch to reopen the estate because Lynch waived notice of hearing on the final report. Section 633.487 provides:

> No person, having been served with notice of the hearing upon the final report and accounting of a personal representative or having waived such notice, shall, after the entry of the final order approving the same and discharging the said personal representative, have any right to contest, in any proceeding, other than by appeal, the correctness or the legality of the inventory, the accounting, distribution, or other acts of the personal representative, . . . .

We believe in determining the limitations imposed by this section it is important to read it in conjunction with sections 633.488 and 633.489.

Section 633.487 serves as a bar to an action to reopen settlement of an estate by a person who has been served notice or waived notice upon the final report. Section 633.488 permits any interested person who was not served and who did not waive notice to petition to reopen settlement of the estate within five years of the order approving the final report. Section 633.489 permits the reopening of an estate upon petition of an interested person on a showing of specific statutory requirements.

We conclude section 633.489 is intended as an exception to section 633.487. An interested person, whether or not he or she received notice or waived notice of the hearing on final report, can petition the court to reopen the estate. Under section 633.489 the court is provided broad discretion in determining whether an estate should be reopened.

## V. *Reopening of Estate.*

Iowa Code section 633.489 provides:

> Upon the petition of any interested person, the court may, with such notice as it may prescribe, order an estate reopened if other property be discovered, if any necessary act remains unperformed, or for any other proper cause appearing to the court. It may reappoint the personal representative, or appoint another personal representative, to administer any additional property or to perform other such acts as may be deemed necessary. The provisions of law as to original administration shall apply, insofar as applicable, to accomplish the purpose for which the estate is reopened, but a claim which is already barred can, in no event, be asserted in the reopened administration.

We focus our attention to that portion of section 633.489 which provides the court may reopen an estate "for any other proper cause." We have concluded this provision should be read "as permitting the district court to exercise discretion in considering a petition that alleges a cause for reopening other than the two causes specifically enumerated." *In re Estate of Witzke*, 359 N.W.2d 183, 185 (Iowa 1984). Before the Iowa Probate Code took effect in 1964, the law of Iowa permitted mistakes in settlements to be corrected. Iowa Code section 689.9 (1962) provided:

> Mistakes in settlements may be corrected in the probate court at any time before his final settlement and discharge, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court.

Although in most cases where equity has granted relief under section 689.9 it was based on fraud, the statute clearly provides that equity may take jurisdiction where there are mistakes in the final report. *Foley v. Engstrom*, 247 Iowa 774, 782, 74 N.W.2d 673, 678 (1956).

We believe equitable principles favor reopening this estate. In Iowa there is a clear public policy favoring statutory limitation of fiduciary and attorney fees for ordinary services performed in the administration of an estate. The bank served as executor of both the Donald R. Lynch and Kathryn C. Lynch estates, as well as trustee for the marital trust. The bank had complete information as to the assets of testamentary trust. Had the bank known that the trust assets were not subject to Iowa inheritance tax before the estate was closed, it would have reported the change to the court and requested a recalculation

of fees. Reopening the estate to allow the court to recalculate the fees for ordinary services based upon the correct gross estate value does not deprive the bank of any fees rightfully owed to it. As suggested by counsel, Lynch is not trying to hold the bank liable for its mistake, but rather is trying to prevent the bank from profiting from a mistake.

The district court concluded the value of the marital trust was required to be included in the probate inventory and its value considered in setting executor and attorney fees. The court cited *Brown's Estate v. Hoge,* 198 Iowa 373, 199 N.W. 320 (1924), as authority for calculating fees under the law as it exists at the time of distribution. The court stated:

> It was therefore an interpretation of section 450.3(4) applied to Kathryn's estate, after it had been closed, that resulted in the change in the probate inventory.... Given the law at the time the estate was closed, the defendant committed no errors and no proper cause to reopen exists.

Because section 633.489 provides the court may reopen an estate for proper cause, we will not reverse the court's decision unless the court has abused its discretion. We will not find an abuse of discretion by the court unless it is shown that the discretion was exercised on grounds clearly untenable, or to an extent, clearly unreasonable. *Richers v. Marsh & McLennan Group Assocs.,* 459 N.W.2d 478, 481 (Iowa 1990). An abuse of discretion may arise from an erroneous conclusion and judgment by the court. *Id.* A mistake in the court's allowance of fees may constitute proper cause for reopening an estate. Because the district court erroneously concluded the exclusion of marital trust assets by IDRF was a change in the law, we find the court's refusal to reopen the estate was an abuse of discretion. Proper cause for reopening the estate was established.

We reverse the court's denial of the petition to reopen the Kathryn C. Lynch estate and remand for the purpose of reopening the estate to determine the authorized co-executor and attorney fees and to order appropriate relief.

REVERSED AND REMANDED.