**In the Matter of the ESTATE OF Leonard WARRINGTON, Deceased.**

**Gary D. Hyland, Conservator of Leona Warrington, Appellant,**

v.

**Kim S. Sheldon and Cindy L. Sheldon Alder, Appellees.**

No. 02–1727.

Supreme Court of Iowa.

Sept. 1, 2004.

Roger L. Sutton of Sutton Law Office, Charles City, for appellant.

Keith A. McKinley of McKinley, Folkers, Walk & Murphy, P.L.C., Osage, for appellees.

TERNUS, Justice.

This case involves a dispute over a life tenant's right to invade the corpus of the real property subject to the life estate. Although the appellees, heirs of the remainderpersons, did not dispute that Leonard Warrington's will gave the life tenant, his wife Leona, a power of invasion in addition to a life estate, they contended Leona had waived this right. The district court agreed, concluding Leona, who served as executor of her husband's estate, had waived this power by not expressly mentioning it in her application for approval of the final report. Based on this determination, the district court refused the request of Leona's conservator, the appellant, Gary Hyland, to sell the remainder interest to pay for Leona's care. Upon our review of the court's decision and the arguments of the parties, we reverse the decision of the district court and remand with directions.

## I. *Background Facts and Proceedings.*

The facts are largely undisputed. Leonard Warrington died testate on December 4, 1972. His wife, Leona Warrington, was appointed executor of his estate. Under Leonard's will, Leona was bequeathed Leonard's personal property and a life estate in Leonard's real property together with the power to use the principal "as shall be necessary to maintain [Leona] in her usual station of life, and to bury her," subject to court approval "of the necessity and wisdom of such [expenditure]." The residue of Leonard's estate was bequeathed to his sisters, Mildred Warrington and Delene Sheldon.

At the time of his death, Leonard held an undivided one-half interest in a 140-acre farm; Leona held the other undivided one-half interest. In the executor's final report, Leona asked that the clerk of court be directed to change title to Leonard's interest in the real estate in question "into the names of Mildred Warrington and Delene Sheldon subject to the life use of Leona Warrington." The probate court approved the final report and in its order directed the change in title requested by Leona. Thereafter, the remainderpersons elected to defer payment of inheritance tax

on the farm ground until the termination of Leona's interest in the property.

For nearly three decades thereafter, Leona rented the property in which she held a life estate to one Steve Jensen, retaining the rental income. In 1992 twenty-two acres of the parcel were sold to the county for a right-of-way. One-half of the proceeds of this transaction was placed in a certificate of deposit with the interest income to be paid to Leona and the principal, upon the death of Leona, to be divided equally between Mildred and Delene. In 1993 and 1994 Leona contacted her sisters-in-law to ask if they would agree to sell the farm to Jensen. Although they refused to do so, Leona nonetheless sold her one-half undivided interest to him. Thereafter, both remainderpersons passed away and their interest in the land passed to their heirs, Kim Sheldon and Cindy Alder, to whom we will hereafter refer as the remainderpersons.

In June 1999 Leona moved to a nursing home, where she has resided ever since. On August 9, 2000, the appellant, Gary Hyland, was appointed conservator for Leona, who was then eighty-five years of age.

By May 2002 Leona was rapidly running out of funds to pay for the nursing home. Consequently, her conservator filed a petition to reopen Leonard's estate and obtain permission to sell the real estate in question so the proceeds could be used for Leona's care. The remainderpersons, appellees in this appeal, resisted the conservator's petition, raising the affirmative defenses of statutory bar, waiver, and estoppel by acquiescence. Various docu-ments were attached to the petition and the resistance chronicling the factual background of the present dispute.

After a telephonic hearing, the district court ruled that Leona had waived her right to use the principal because she did not reserve this power in her final report requesting a change of title in the real estate. The court therefore denied her conservator's petition to reopen the estate and sell the remainder interest. After the conservator's motion for reconsideration was overruled, this appeal was filed.

The conservator argues on appeal that this court should find on its de novo review that Leona did not waive her power of invasion. The remainderpersons contend the district court did not abuse its discretion in refusing to reopen the estate for three reasons: (1) the court correctly determined Leona waived her right to consume the principal; (2) Leona's claim is barred by the provisions of Iowa Code sections 633.487 and 633.489 (2001); and (3) Leona is precluded from asserting her claim by the doctrine of estoppel by acquiescence.[1] Before we address these issues, we set forth the applicable standard of review.

## II. Standard of Review.

Although the district court expressly denied the conservator's petition to reopen the estate, it did so on the basis there was no merit in the conservator's underlying request to use the remainder interest in the property for Leona's care. In essence, the court skipped a preliminary determination of whether the substantive claim asserted by the conservator

---

1. Although no evidentiary hearing was held, the remainderpersons do not ask that we remand this matter for the taking of evidence. They believe the pertinent facts are undisputed and the case can be resolved on the basis of the admitted allegations of the parties and the documentary evidence attached to the pleadings. Therefore, we, like the district court, rest our disposition of this matter on the admitted facts, the historical documents made a part of the record, and the parties' written arguments.

(Leona's request to invade the principal) warranted reopening the estate so that claim could be litigated. *Cf. In re Estate of Witzke*, 359 N.W.2d 183, 185 (Iowa 1984) (affirming district court's refusal to reopen estate without addressing merits of underlying fraud claim petitioner sought to assert against administrator of estate). Instead, the court went straight to a determination of the merits of that claim. Consequently, even though a decision to reopen an estate is generally reviewed for an abuse of discretion, *see id.*, we will review the trial court's ruling on the waiver issue de novo because that ruling was actually a decision on the merits of the claim the conservator sought to pursue in the reopened estate. *See* Iowa Code § 633.33 (matters not specifically listed in statute but triable in probate are tried in equity); *In re Estate of Gearhart*, 584 N.W.2d 327, 329 (Iowa 1998) (probate matters tried in equity are reviewed de novo). Under a de novo standard of review, we are not bound by the trial court's conclusions of law or findings of fact, although we do give weight to factual findings, particularly when they involve the credibility of witnesses. *In re Estate of Gearhart*, 584 N.W.2d at 329.

Ordinarily, a decision whether to reopen an estate would precede a decision on the merits of the underlying claim, and that same progression would be followed on appeal. We will first address the merits of the conservator's request to sell the remainder interest, however, as the district court relied on a perceived lack of merit in the underlying claim to justify its decision not to reopen the estate. After we determine the correctness of the district court's ruling on the merits, we will then examine whether that ruling provided a sound basis for the district court's refusal to reopen the estate.

III. *Waiver.*

■■ " '[W]aiver is an intentional relinquishment of a known right.' " *Huisman v. Miedema*, 644 N.W.2d 321, 324 (Iowa 2002) (citation omitted). The party asserting waiver, here the remainderpersons, bears the burden of proof. *See Grandon v. Ellingson*, 259 Iowa 514, 521, 144 N.W.2d 898, 903 (1966).

> "The essential elements of a waiver are the existence of a right, knowledge, actual or constructive, and an intention to relinquish such right." Waiver can be express, "shown by the affirmative acts of a party," or implied, "inferred from conduct that supports the conclusion waiver was intended."

*Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Federated Mut. Ins. Co.*, 596 N.W.2d 546, 552 (Iowa 1999) (citations omitted).

■ In the present case there is no dispute that under Leonard's will Leona had the right to invade the principal of the property should it become necessary for her support, provided she first obtained court approval. Moreover, due to Leona's position as executor of her husband's estate, she certainly had constructive knowledge that the will provided this power to her. The only disputed issue is whether Leona had an intention to relinquish this power. The remainderpersons do not argue she expressly waived this right or that she stated an intention to do so. Thus, the fighting issue is whether such an intention can be inferred from Leona's conduct and the surrounding circumstances.

The trial court concluded and the remainderpersons argue on appeal that Leona's failure to reserve her right to seek court authorization to invade the principal when she requested a change of title to the property in her final report as executor operated as a waiver of that right. In this regard, the parties expend considerable

effort in their briefs debating whether Leona, acting as the executor, was required by the probate code to explicitly state this limitation on the remainder interest in her final report. The remainderpersons argue persuasively that identification in the final report of any legacy or devise that remains a charge against real estate is critical to ensure the reliability of record title. Even if these assertions are true, neither the propriety of Leona's actions as executor nor the effect of these actions on the accuracy of record title is an issue in this case. We are not concerned with whether Leona would be equitably estopped from asserting her interest against a good-faith purchaser of the remainder interest. The issue in this case has an entirely different focus: Leona's intent to abandon her right to invade the principal.

When we examine the evidence with respect to Leona's intent, we conclude the remainderpersons have not carried their burden of proof. Even if we assume that Leona was obligated as executor to include her right to invade the principal as a limitation on title, her failure to do so could just as well have been due to inadvertence or mistake rather than to a conscious decision to give up this right. Importantly, the remainderpersons have suggested no reason that Leona would choose to abandon her power to invade the principal. Moreover, the conservator asserts the decision of the original remainderpersons, made after the estate was closed, to defer inheritance tax until the termination of Leona's interest indicates their continuing awareness that Leona might consume the entire property.

The remainderpersons also rely on the fact that Leona did not assert her right of invasion in subsequent transactions relating to the real estate, particularly in 1992 when the proceeds of the sale made to the county were deposited in a bank account that did not contain a reference to Leona's right to consume the corpus. The most that can be said with respect to Leona's handling of the funds from the 1992 sale is that she waived her right to assert her power of invasion as to those funds.[2] That conduct does not necessarily indicate an intention to waive her rights with respect to the remaining real estate at issue here.

Based on the contrary, yet equally plausible, inferences that can legitimately be drawn from Leona's actions, we conclude the remainderpersons have not carried their burden to prove waiver. *See generally Greenberg v. Alter Co.*, 255 Iowa 899, 905, 124 N.W.2d 438, 442 (1963) (holding where evidence is in equipoise, party has not carried burden of proof by preponderance of evidence); *Christensen v. Iowa State Highway Comm'n*, 252 Iowa 1351, 1353, 110 N.W.2d 573, 574–75 (1961) (stating to sustain burden to prove claim by preponderance of evidence, evidence to support claim "must produce the stronger impression and be more convincing when weighed against [opposing] evidence"). Having rejected the basis for the district court's decision, we turn to the remainderpersons' alternative defenses.

## IV. *Statutory Bar of Probate Code.*

Iowa Code section 633.487 precludes persons having notice or waiving notice of the final report from contesting "the correctness or the legality of the inventory, the accounting, distribution, or other acts of the personal representative" after approval of the final order and discharge of

---

**2.** We express no opinion as to whether Leona waived her right to use the proceeds of the 1992 sale for her care should the need arise.

the personal representative. In addition, Iowa Code section 633.489, which provides for the reopening of an estate under certain conditions, states that "a claim which is already barred can, in no event, be asserted in the reopened administration." The remainderpersons argue that Leona, who waived notice of the final report, is precluded by section 633.487 from contesting the distribution of the estate and therefore, pursuant to the quoted language from section 633.489, this claim cannot be asserted in the reopened estate.

■■■■ Even if we assume the claim asserted by the conservator falls within the scope of section 633.487, we think there is no merit to the remainderpersons' argument. This court has held that "section 633.489 is intended as an exception to section 633.487. An interested person, whether or not he or she received notice or waived notice of the hearing on final report, can petition the court to reopen the estate." *In re Estate of Lynch,* 491 N.W.2d 157, 160 (Iowa 1992). In other words, the claims excepted from section 633.489 are those claims barred for some reason other than the provisions of section 633.487. Therefore, the bar of section 633.487 does not prevent a person otherwise meeting the requirements of section 633.489 from reopening an estate. Before we consider whether the conservator otherwise met the requirements of section 633.489 for reopening the estate, we address the remainderpersons' contention that the district court's judgment can be upheld under the estoppel-by-acquiescence doctrine.

## V. *Estoppel by Acquiescence.*

■■■■ The theory of estoppel by acquiescence "applies where a party, knowing of an enforceable right, neglects enforcement for such a length of time that the law implies its waiver or abandon-ment." *Rubes v. Mega Life & Health Ins. Co.,* 642 N.W.2d 263, 272 (Iowa 2002). Like waiver, this doctrine focuses on the action of the individual who holds the right to determine whether it has been waived. *See Westfield Ins. Cos. v. Economy Fire & Cas. Co.,* 623 N.W.2d 871, 880 (Iowa 2001).

■■■■ To prove estoppel, the remainderpersons rely on the fact that Leona did not assert her right of invasion during the probate of her husband's estate or in subsequent transactions relating to the real estate. In particular, they point to her failure to seek court approval for sale of the twenty-two acres to the county in 1992. They claim it is now too late, nearly thirty years later, to enforce her right.

The weakness in the remainderpersons' position is the fact that Leona had no need to invade the corpus of the property and therefore had no occasion to enforce her right prior to 2002 when her other assets were almost exhausted. The 1992 sale of a portion of the realty did not present such an occasion because that sale was not made to facilitate Leona's use of the principal so court approval was not mandated. We conclude that Leona's efforts to enforce her right to dispose of the principal for her care and maintenance were timely. No doubt any attempt by Leona to exercise her right to invade the corpus prior to exhaustion of her other assets would have met stiff resistance from the remainderpersons. Under these circumstances, we will not imply a waiver or abandonment of her right to use the principal from her failure to enforce this right earlier.

## VI. *Reopening of Estate.*

■■■■ We now turn to the district court's refusal to reopen Leonard's estate. Iowa Code section 633.489 allows the reopening of an estate "if other property be discovered, if any necessary act remains unperformed, or for any other proper cause appearing to the court." The conservator

relies upon the "proper cause" ground to reopen the estate in this case. The correction of mistakes made by an executor may constitute proper cause to reopen an estate. *See In re Estate of Lynch,* 491 N.W.2d at 161.

■■■■■ We review a court's refusal to reopen an estate under the proper-cause alternative for an abuse of discretion. *In re Estate of Witzke,* 359 N.W.2d at 185. An abuse of discretion exists where the district court has exercised its discretion "on grounds clearly untenable, or to an extent clearly unreasonable." *In re Estate of Lynch,* 491 N.W.2d at 161.

As noted earlier, the district court based its refusal to reopen the estate on Leona's waiver of her power of invasion. Based on our rejection of the waiver defense asserted by the remainderpersons, we conclude the basis for the district court's exercise of discretion was clearly untenable. The only other reasons offered by the remainderpersons to support the district court's decision are the statutory bar and estoppel-by-acquiescence arguments we have found lacking in merit.

■■■■■ In examining the record, we find no basis to uphold the district court's decision, as other facts support granting the conservator's petition to reopen the estate. Assertion of Leona's right of invasion will not deprive the remainderpersons of any testamentary devise to which they were unconditionally entitled under the provisions of Leonard's will. *Cf. id.* (reversing district court decision denying permission to reopen estate to recalculate fees based on corrected inventory, noting recalculation of fees would not deprive executor and its attorney "of any fees rightfully owed to [them]"). In addition, there are no practical difficulties connected with reopening the estate, selling the farm, and applying the proceeds to Leona's expenses. *Cf. In re Estate of Witzke,* 359 N.W.2d at 185 (affirming district court's refusal to reopen estate due to practical difficulties in obtaining funds to pay petitioners, if they proved their claim, since estate assets had already been distributed). In view of these circumstances, we conclude the district court abused its discretion when it denied the conservator's petition to reopen the estate. *Cf. In re Estate of Lynch,* 491 N.W.2d at 161 (finding abuse of discretion where trial court refused to reopen estate to correct mistake made by executor in including marital trust property in probate inventory).[3]

VII. *Summary and Disposition.*

The district court abused its discretion in refusing to reopen the estate. The affirmative defenses asserted by the remainderpersons have no merit. Therefore, we reverse the district court judgment and remand this case for entry of an order reopening the estate, directing the sale of the real estate with the proceeds to be used "to maintain [Leona] in her usual station of life, and to bury her," subject only to the court's determination of the "necessity and wisdom" of such expenditures, and for such other orders and relief not inconsistent with this opinion.

**REVERSED AND REMANDED.**

---

3. Our decision should not be construed to stand for the proposition that the only way in which Leona could enforce her power of invasion was by first reopening the estate. *See Thiele v. Whittenbaugh,* 291 N.W.2d 324 (Iowa 1980) (partition action brought by remainderpersons under testator's will against life tenant); *McCarthy v. McCarthy,* 178 N.W.2d 308 (Iowa 1970) (equity action by remainderpersons against mortgaging life tenant to construe will). Neither party questioned the route chosen by the conservator to enforce Leona's right of invasion, and therefore we do not question it either.