IN THE SUPREME COURT OF IOWA

 No. 10 / 04-0305

 Filed March 3, 2006

IN THE MATTER OF THE ESTATE OF MELBA N. MARTIN, Deceased.

DOYLE D. SANDERS, Individually, and as Attorney for Executor, Bankers Trust
Company, N.A.,

 Appellant.

 Appeal from the Iowa District Court for Polk County, Ruth B. Klotz,
Judge.

 Attorney for executor of estate appeals from order setting fees.
REVERSED AND REMANDED.

 Michael A. Wunn and Doyle D. Sanders of Beving, Swanson & Forrest,
P.C., Des Moines, and Steven W. Hendricks of Kersten Brownlee Hendricks,
LLP, Fort Dodge, for appellant.

 C. Kevin McCrindle, Waterloo, and Paul P. Morf, Cedar Rapids, for
amicus curiae Iowa State Bar Association.
 Thomas J. Miller, Attorney General, and Valencia Voyd McCown,
Assistant Attorney General, for amicus curiae Iowa Department of Revenue
and Finance.

 Everett H. Albers, Des Moines, for Blake Nex.

CARTER, Justice.
 Doyle B. Sanders, the attorney for the executor of the estate of
Melba N. Martin, appeals from an order setting the maximum attorney fee
that could be allowed the attorneys for the executor. Although the maximum
fee for the executor, Bankers Trust Co., was calculated on the same basis,
the executor has chosen not to appeal the determination of its fee.[1]
 The executor takes no position on the merits of Sanders’ appeal. The
Iowa Department of Revenue and Finance (IDRF) has filed an amicus brief
that favors upholding the district court’s fee order.[2] The Iowa State
Bar Association has filed an amicus brief urging reversal of that order.
After reviewing the record and considering the arguments presented, we
conclude that the district court erred in computing the maximum attorney
fee payable to the executor’s attorneys. We reverse the order challenged
on appeal and remand the case to the district court for a revised fee order
consistent with this opinion.
 The inventory in the estate was filed on October 22, 2003. On
November 17, 2003, attorney Sanders appeared before the associate probate
judge for an order setting fees for the executor and the executor’s
attorneys. At this time, the recapitulation summary contained in the
inventory showed a gross estate value of $747,594, which included 401k
retirement annuities valued at $521,389 and payable to a designated
beneficiary.
 Based on the values shown in the inventory recapitulation, the
associate probate judge fixed the maximum attorney fee for the executor’s
attorney at $15,072. [3] The court also examined time sheets presented by
the attorney and concluded that the maximum fee should be the fee allowed.
A similar fee was allowed to the executor.
 When IDRF reviewed the Iowa inheritance tax return filed by the
executor, it concluded that a substantial portion of the retirement
annuities owned by the decedent and payable to a designated beneficiary on
death were not subject to the inheritance tax. The annuities not subject
to tax were those providing for installment payments to beneficiaries upon
the decedent’s death that would be subject to income taxation. The value
of these annuities was approximately $537,500. As a result of its
conclusion that a large portion of the value attributed to the annuities is
not subject to inheritance tax, IDRF determined that the deduction for
attorney fees claimed by the executor should be reduced. IDRF recomputed
the allowable attorney-fee deduction by computing the maximum fee allowed
under Iowa Code sections 633.197 and 633.198 (2001), without consideration
of the value of the retirement annuities not subject to inheritance tax.
 IDRF subsequently advised the associate probate judge of the action
it had taken with respect to the deduction claimed for the executor’s
attorney fees. Upon receipt of that information, the associate probate
judge revised its fee order of November 17, 2003, and recomputed the
maximum fee for both the executor and the executor’s counsel based on the
maximum fee that would have been allowable under section 633.197 and
633.198 if the value of the retirement annuities not subject to inheritance
tax was not considered in the fee calculation. This ruling resulted in
both the executor and its counsel receiving approximately one-third of the
fee originally approved by the court. Only the executor’s counsel has
appealed from this ruling.
 I.  Scope of Review.
 Factual issues in appeals from probate fee orders are reviewed
de novo under Iowa Code section 633.33. Bass v. Bass, 196 N.W.2d 433, 435
(Iowa 1972); In re Estate of Cory, 184 N.W.2d 693, 696-97 (Iowa 1971). In
interpreting the controlling statutory law pertaining to the allowance of
attorney fees, we review the district court’s ruling to determine whether
its interpretation is in accord with ours. In re Estate of Engelkes, 256
Iowa 213, 218-19, 127 N.W.2d 111, 114 (1964).
 II.  The Probate Court’s Ruling.
 In fixing the maximum attorney fee allowable under sections 633.197
and 633.198, the associate probate judge concluded that, in determining the
maximum fee for an executor or attorney, that fee is limited by a
percentage of the value of “those assets taxable for Iowa inheritance tax.”
 The statutory provision that the court applied to reduce the fee
previously approved was the following:

 The tax imposed by this chapter shall not be collected:

 . . . .

 5.  On the value of that portion of installment payments which
 will be includable as net income as defined in section 422.7 as
 received by a beneficiary under an annuity which was purchased under
 an employee[’]s pension or retirement plan.

Iowa Code § 450.4(5). This was the statute relied on by IDRF in exempting
retirement annuities valued at $537,500 from inheritance tax.
 III.  The Issue on Appeal.
 This appeal requires a search for the meaning of the words “the gross
assets of the estate listed in the probate inventory for Iowa inheritance
tax purposes,” contained in Iowa Code section 633.197. That statute
provides:

 Personal representatives shall be allowed such reasonable fees
 as may be determined by the court for services rendered, but not in
 excess of the following commissions upon the gross assets of the
 estate listed in the probate inventory for Iowa inheritance tax
 purposes, which shall be received as full compensation for all
 ordinary services:

 For the first one thousand dollars, six percent;

 For the overplus between one and five thousand dollars, four
 percent;

 For all sums over five thousand dollars, two percent[;]

 For purposes of this section, the gross assets of the estate
 shall not include life insurance proceeds, unless payable to the
 decedent's estate.

Iowa Code § 633.197 (emphasis added). This statute, which applies to
personal representatives, is also the measure of the maximum fee that may
be allowed an attorney for the personal representative. Iowa Code
§ 633.198. The application of Iowa Code sections 633.197 and 633.198 in
the computation of the maximum fees to be allowed was considered by us in
In re Estate of Lynch, 491 N.W.2d 157 (Iowa 1992). In that case, we
stated:

 The maximum fee is calculated by applying the statutory schedule of
 fees to the gross assets of the estate as listed in the probate
 inventory for Iowa inheritance tax purposes. The gross assets of the
 estate listed in the probate inventory for inheritance tax purposes
 include all property passing by any method of transfer specified in
 Iowa Code section 450.3, without reduction for the liabilities
 specified in Iowa Code section 450.12.

Lynch, 491 N.W.2d at 159 (emphasis added).[4] In Lynch we were concerned
with whether property passing to remaindermen of a trust created under the
will of the decedent’s spouse should be considered to be property passing
under any of the methods of transfer specified in Iowa Code section 450.3.
Based on the determination that IDRF had made in that case, we concluded
that it did not.[5]
 We are unable to discern any intimation in the Lynch decision that
the gross assets of the estate that might be considered in calculating the
maximum fee for the personal representative and attorney are limited to
assets that actually generate a tax. We expressly stated that all property
passing by any method of transfer specified in Iowa Code section 450.3 was
to be considered for fee-calculation purposes. At this time, the
administrative regulation defining gross estate for inheritance-tax
purposes similarly included all property passing by any method of transfer
specified in Iowa Code section 450.3. See Iowa Admin. Code r.
701—86.1(1)(g) (1990). The present definition of “gross estate” in IDRF’s
administrative regulations mirrors that which existed in the 1990
regulation.[6]
 There is no dispute that the retirement annuities excluded by the
probate court in calculating the maximum attorney fee were property passing
by a method of transfer specified in subparagraph (3) of Iowa Code section
450.3.[7] As such, it falls within the agency’s own definition of gross
estate contained in Iowa Administrative Code rule 701—86.1(1). Although
another administrative regulation indicates that annuities qualifying for
an exemption under Iowa Code section 450.4(5) are exempt from the
inheritance tax, see Iowa Admin. Code r. 701—86.5(12), that regulation in
no way declares that the exempted property is not part of the gross estate
for Iowa inheritance tax purposes.
 In describing another exemption contained in the Code, the
legislature has stated that property passing to parents, grandparents,
great-grandparents and other lineal descendants is exempt from tax “[i]n
computing the tax on the net estate.” Iowa Code § 450.9. If an item is
exempted from tax on the net estate, it must have been part of the gross
estate. We think this principle applies equally to the exemptions
contained in section 450.4. We note that some property passing under the
decedent’s will in the present case was bequeathed for a charitable,
educational, or religious purpose and was exempted by IDRF in the
calculation of the inheritance tax pursuant to Iowa Code section 450.4(2).
Notwithstanding that fact, IDRF did not contend that this property was not
part of the gross estate for purposes of computing maximum allowable fees
for the personal representative or attorney.
 Although we have discussed administrative regulations of IDRF that,
in our view, demonstrate that the agency’s definition of gross estate for
inheritance-tax purposes does not materially vary from the definition
adopted by this court in Lynch for fee-calculation purposes, that
conclusion is not essential to our decision. IDRF is not entrusted with
the responsibility of determining the correct application of section
633.197. It could alter its definition of gross estate for purposes of
administering the revenue laws without affecting our determination of the
assets to be included in the calculation of probate fees. Nor would
legislative amendments of the revenue provisions that do not make reference
to the fee situation necessarily alter our view of the correct base for
calculating the maximum fees under sections 633.197 and 633.198.
 We are confident that it was the intent of the legislature in
enacting section 633.197 that the gross estate listed in the probate
inventory for Iowa inheritance-tax purposes include all property passing
under the methods of transfer set forth in section 450.3 without regard to
whether the included property is subject to the inheritance tax. At the
time section 633.197 was enacted, property of the type at issue in the
present case was includable under section 450.3(3) (1958), and this has not
changed in subsequent versions of the statute. The legislature has shown
that, if it wishes to exclude for fee-calculation purposes a type of
transfer otherwise included under section 450.3, it will do so by specific
legislation that speaks to the matter of the fee. See Iowa Code § 633.197
(gross assets used for fee calculation shall not include life insurance
proceeds unless payable to decedent’s estate).
 In sum, we hold in the present case that the retirement annuities not
subject to inheritance tax were nonetheless includable in the gross assets
to be considered in the calculation of the maximum fees payable under
section 633.197 and section 633.198. The district court’s order excluding
those assets from the fee calculation is reversed. The case is remanded to
that court for entry of a revised fee order consistent with this opinion.
 REVERSED AND REMANDED.
-----------------------
 [1]Under Iowa law, attorneys are entitled to present fee claims to the
probate court in their own right and need not rely on the personal
representative to claim the fee on their behalf. In re Estate of Leighton,
210 Iowa 913, 915-16, 224 N.W. 543, 545 (1929). In the original fee order
entered in the district court, a small portion of the attorney fee was
allocated to California attorney Janie Beach; however, the amended fee
order from which this appeal is taken only fixes a single attorney fee for
the executor’s attorneys. We conclude that attorney Sanders has standing
to challenge the district court’s fee order on behalf of those attorneys
entitled to share in the fee and is attempting to do so.

 [2]The validity of IDRF’s adjudication of the attorney-fee deduction
is not before us, as any challenge to that determination would have to be
brought as a review of administrative action under Iowa Code chapter 17A.

 [3]In an amended inventory filed after the original fee order and in
the Iowa inheritance tax return filed by the estate, the estate’s gross
value is shown to be $778,944, including annuities valued at $575,139.
Obviously, the original fee order was based on the lower values contained
in the original inventory. We are not entirely certain, however, which
values were used in the amended fee order that is the subject of this
appeal. Because the case is being remanded, the correct values can be
settled by the district court when it revises its fee order pursuant to our
directions.

 [4]In our Lynch decision. we referred to the special treatment
provided in rule 7.2(2) of our probate rules for life insurance payable to
a named beneficiary and joint tenancy property. The joint tenancy matter
involves an issue of valuation, rather than an issue of exclusion from the
gross estate. The provision in the probate rule excluding life insurance
payable to a named beneficiary from the base for calculating the maximum
executor fee or attorney fee appears to have been unwarranted prior to
July 1, 1994, based on the broad definition of gross estate adopted in
Lynch and approved in the present case. However, after July 1, 1994, the
exclusion of life insurance payable to a named beneficiary is mandated by
Iowa Code section 633.197 as amended by 1994 Iowa Acts chapter 1153,
section 8; see also Iowa Code § 633.5.

 [5]In allowing a refund of inheritance tax previously paid by the
beneficiaries in Lynch, IDRF concluded:

 “The issue is whether or not Kathryn C. Lynch ‘possessed’ the power of
 appointment on her death (or exercised it within the three years prior
 to her death) such that the corpus would pass via her estate either by
 will or by intestate succession. In the very narrow and unique
 circumstances of this case, the Department concludes she did not
 ‘possess’ the power at death because: (1) no inter vivos transfer was
 attempted within the three years prior to her death; (2) her will did
 not act as an exercise of the power; (3) Donald’s will did provide for
 contingent remaindermen in the case of non-exercise of the power; and
 (4) the corpus was not received by remaindermen under Kathryn’s will
 or from Kathryn through the laws of intestate succession. These
 remaindermen received through Donald’s will alone . . . .”

Lynch, 491 N.W.2d at 158-59 (citations omitted).

 [6]The current regulation provides:

 “Gross estate” as used for inheritance tax purposes as defined
 in Iowa Code section 450.2 includes all those items, or interests in
 property, passing by any method of transfer specified in Iowa Code
 section 450.3 without reduction for liabilities specified in Iowa Code
 section 450.12.

Iowa Admin. Code r. 701—86.1(1).

 [7]That statute provides:

 The tax hereby imposed shall be collected upon the net market
 value . . . of any property passing as follows:
 . . . .
 3.  By deed, grant, sale, gift or transfer made or intended to
 take effect in possession or enjoyment after the death of the grantor
 or donor.

Iowa Code § 450.3.