# IN THE SUPREME COURT OF IOWA

No. 12–1340

Filed October 25, 2013

**IN THE MATTER OF THE ESTATE OF CARROLL IRVING SAMPSON,** Deceased.

**CHERYL ANN MURKEN** and **MARY ANN SMITH,** Coexecutors of the Christine Rosilia Sampson Estate,

      Appellants.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Story County, James C. Ellefson, Judge.

The coexecutors of a wife's estate seek further review of a decision of the court of appeals, affirming an order of the district court reopening her husband's estate. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

John D. Jordan and Meredith C. Mahoney Nerem of Jordan & Mahoney Law Firm, P.C., Boone, for appellants.

John P. Dollar and Scott S. Riemenschneider of Wilson, Deege, Dollar, Despotovich & Riemenschneider, West Des Moines, for appellees.

**MANSFIELD, Justice**.

This case requires us to examine the interplay between two sections of the Iowa Probate Code that address deadlines to reopen estates. In 1993, a husband died, and his will was probated. His wife received almost all of his property pursuant to a residuary clause in the will. Nearly eighteen years later, in 2011, the wife died. At that time, a number of relatives who had not been formally notified of the probate proceedings in 1993 reviewed the husband's will. They brought an action to reopen the estate, asserting that a different residuary clause in the husband's will entitled them to the husband's property and that they should have received it in the earlier proceedings.

The relatives' petition was opposed by the coexecutors of the wife's estate. Among other things, they asserted that the petition was barred by section 633.488 of the Iowa Probate Code, which provides a five-year time limit from the final report to reopen settlement of an estate when a party did not receive formal notice of the final report and accounting. The district court and the court of appeals disagreed with this argument. They found that section 633.489 of the Code, which allows estates to be reopened without time limit under certain circumstances, controlled here. On further review, we hold that section 633.488 is the applicable statute and therefore reverse and remand for further proceedings.

## I. Facts and Procedural History.

Carroll Sampson, a resident of Story City, was married to Christine Sampson. They did not have any children. In 1991, Carroll executed a will which nominated Christine as executor. The will contained two residuary clauses. In article two of his will, Carroll stated:

> I give any automobiles, household furniture or furnishings, silverware, china, crystal, books, wearing apparel and other tangible personal effects owned by me at

my death to Spouse, if she survives me for a period of thirty days. I give the residue of my estate to Spouse, if she survives me for thirty days.

In article four, Carroll stated:

The rest residue and remainder of my estate I divide into 15 equal parcels to be divided as follows amongst my and my spouses surviving brothers and sisters and their children if they are not living.

The attorney who drafted the will, Robert Huffer, testified that the testator's intent was for the estate to go to Christine if she survived Carroll; otherwise, it would go to the siblings or, if they had died, their children.

The main asset of Carroll's estate was his undivided one-half interest in two parcels comprising about 200 acres of farmland in Hardin County. Carroll and Christine owned this real property as tenants in common.

Carroll passed away on July 29, 1993, survived by Christine. His will was admitted to probate on August 10, 1993, and Christine became the executor. On September 20, 1993, a report and inventory were filed which listed Christine as the sole beneficiary. On December 22, 1993, Huffer filed the final report on Christine's behalf, which again listed Christine as the sole beneficiary and asked that the estate be settled and closed. The estate was closed on January 3, 1994, and the assets, including the farmland, passed to Christine.

The siblings, nephews, and nieces of Carroll and Christine identified in article four did not receive formal notice of the probate proceedings for Carroll's will. Huffer explained that since they were not beneficiaries, he did not believe they needed to receive formal notice. However, these relatives were aware that Carroll had died and that probate proceedings had been opened. Several of the relatives later

testified it was their understanding that Christine had received a life estate in the real property, and it would be theirs once Christine died.

As a practical matter, things would have worked out that way if Christine had not changed her will. Originally, Christine's will mirrored Carroll's, which meant that upon her death her property would have been divided among the siblings and their children because Carroll did not survive her. However, in 2006, Christine decided to change her will because of some family disputes. Thus, she essentially removed the siblings of Carroll and herself and their children as beneficiaries. She devised the residue of her estate, including the Hardin County real property, to charity.

Christine died on March 1, 2011. Her will was subsequently admitted to probate. A number of Christine's and Carroll's siblings and their children were surprised to learn at that time that they would not be receiving an interest in the real property. They claimed not to have seen Carroll's will until after Christine's death.[1]

Upon reviewing Carroll's will, these relatives brought an action on July 28, 2011, seeking to reopen Carroll's estate under Iowa Code section 633.489 (2011). They alleged that, under article four of Carroll's will, they should have received his undivided interest in the Hardin County real property.

The coexecutors of Christine's estate answered, denying that the prior 1994 distribution of the residual assets to Christine had been improper. The coexecutors of Christine's estate also alleged that the petition to reopen was untimely because of the time that had elapsed

---

[1]Huffer disputes this in part. He maintains that after Carroll died in 1993, he gave a copy of Carroll's will to one of Carroll's nephews who is now seeking to reopen Carroll's probate proceeding.

since Carroll's estate was closed. Subsequently, the coexecutors moved for summary judgment. In their motion, the coexecutors maintained that the relatives' petition to reopen was foreclosed by the five-year statute of limitations in section 633.488.

The district court held a hearing, and thereafter on July 5, 2012, denied the coexecutors' motion for summary judgment, reasoning that section 633.489 rather than section 633.488 governed the relatives' claim. Thus, the court found, "There is no time bar." The estate sought an interlocutory appeal. We ruled that an appeal as of right was available and transferred the case to the court of appeals.

In an opinion filed April 24, 2013, the court of appeals agreed with the district court that section 633.489 rather than section 633.488 applied. Hence, like the district court, the court of appeals found that the petition to reopen was not time-barred. The coexecutors sought further review, which we granted.

## II. Standard of Review.

As we said recently in *In re Estate of Roethler*:

> A petition to reopen an estate requires the court to engage in a two-step decision process. First, the district court must make a preliminary determination whether the plaintiff has asserted a permissible reason for reopening the estate. This determination is governed by Iowa Code sections 633.487, 633.488, and 633.489. We review the district court's preliminary decision as to whether to reopen the estate under section 633.489 for abuse of discretion. The district court abuses its discretion when it exercises its discretion "on grounds clearly untenable, or to an extent, clearly unreasonable."

801 N.W.2d 833, 837 (Iowa 2011) (citations omitted).

## III. Merits.

This case involves part 9 of the Iowa Probate Code, which our general assembly enacted in 1963. *See* 1963 Iowa Acts ch. 326 §§ 487–

That part is divided into three sections and is entitled "Reopening." *Id.* The first section of part 9 reads as follows:

> **Limitation on rights.**
> No person, having been served with notice of the hearing upon the final report and accounting of a personal representative or having waived such notice, shall, after the entry of the final order approving the same and discharging the said personal representative, have any right to contest, in any proceeding, other than by appeal, the correctness or the legality of the inventory, the accounting, distribution, or other acts of the personal representative, or the list of heirs set forth in the final report of the personal representative, provided, however, that nothing contained in this section shall prohibit any action against the personal representative and the personal representative's surety under the provisions of section 633.186 on account of any fraud committed by the personal representative.

Iowa Code § 633.487.

Next, section 633.488 provides:

> **Reopening settlement**.
> Whenever a final report has been approved and a final accounting has been settled in the absence of any person adversely affected and without notice to the person, the hearing on such report and accounting may be reopened at any time within five years from the entry of the order approving the same, upon the application of such person, and, upon a hearing, after such notice as the court may prescribe to be served upon the personal representative and the distributees, the court may require a new accounting, or a redistribution from the distributees. In no event, however, shall any distributee be liable to account for more than the property distributed to that distributee. If any property of the estate shall have passed into the hands of good faith purchasers for value, the rights of such purchasers shall not, in any way, be affected.

*Id.* § 633.488.

Lastly, section 633.489 provides:

> **Reopening administration.**
> Upon the petition of any interested person, the court may, with such notice as it may prescribe, order an estate reopened if other property be discovered, if any necessary act remains unperformed, or for any other proper cause appearing to the court. It may reappoint the personal

> representative, or appoint another personal representative, to administer any additional property or to perform other such acts as may be deemed necessary. The provisions of law as to original administration shall apply, insofar as applicable, to accomplish the purpose for which the estate is reopened, but a claim which is already barred can, in no event, be asserted in the reopened administration.

*Id.* § 633.489.

As the foregoing quotations indicate, section 633.487 essentially cuts off the rights of persons who received notice of the final report to contest distribution or prior acts of administration, except in the case of fraud. *See id.* § 633.487. Section 633.488 imposes a five-year deadline on persons who did *not* receive notice to seek a "new accounting" or a "redistribution" of property that passed through an estate. *See id.* § 633.488. Section 633.489 allows a party to request reopening of the estate at any time, regardless of prior notice or the lack thereof, "if other property be discovered, if any necessary act remains unperformed, or for any other proper cause." *Id.* § 633.489.

The section titles were part of the 1963 legislation and remain in the Code today. *See* 1963 Iowa Acts ch. 326 §§ 487–89 (codified at Iowa Code §§ 633.487–.489). Here, the titles inform us. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) (relying on a section heading as an aid to interpretation and noting that "[a]lthough the title of a statute cannot limit the plain meaning of the text, it can be considered in determining legislative intent" (citation and internal quotation marks omitted)). They indicate that section 633.487 is intended as a "limitation on rights" of persons who received notice of the hearing on the final report. Meanwhile, section 633.488 is about reopening *settlement*—e.g., seeking to redistribute property from one party to another—whereas section 633.489 is about reopening *administration*—e.g., seeking to distribute newly discovered property.

The comment by the bar committee that drafted the Iowa Probate Code states that section 633.488 is "[d]esigned to protect persons adversely affected by a final report or final accounting who did not receive notice, but at the same time protecting rights of good faith purchasers for value." *See* 1963 Iowa Probate Code § 488 bar committee cmt., at 140 (West 1963). Section 633.489, by contrast, is "[a]dapted from section 194 of the Model Probate Code in lieu of 638.9 (1962 Code) to permit reopening for administration of newly discovered property or performance of required but omitted acts of personal representatives." *See id.* § 489 bar committee cmt., at 141; *see also In re Estate of Foster*, 483 N.W.2d 327, 329 (Iowa 1992) (citing the bar committee comments in a case interpreting the Iowa Probate Code); *Patten v. Patrick*, 276 N.W.2d 390, 397 (Iowa 1979) (same); *In re Estate of DeVries*, 203 N.W.2d 308, 310 (Iowa 1972) (stating that any doubt about a specific question of interpretation of the Iowa Probate Code was "settled by this Bar Committee comment appended to the statute").

The underlying policy of having a time limit for claims regarding settlement but not administration makes sense. At some point, it is desirable for the distribution of an estate to be recognized as final, even if there was some flaw in the proceeding, such as a failure to give formal notice to potential beneficiaries. Assets need to be *marketable*, and recipients of estate property need to be able to move on with their affairs.

On the other hand, if all efforts to reopen an estate were subject to a five-year time bar, then this could handcuff the ability of heirs to deal with unforeseen circumstances or result in assets being *unmarketable*. For example, if additional property of the testator were discovered six years after the closing of an estate, absent section 633.489 there would be no way of dealing with that property. Or if an error in a legal

description surfaced six years after the closing, section 633.489 provides a means of addressing it. *See* Shirley A. Webster, *Decedents' Estates: Succession and Administration*, 49 Iowa L. Rev. 638, 676–77 (1964) (giving this example).

Our prior cases interpreting the two statutory provisions have recognized this basic distinction between reopening settlement and reopening administration. In *Ritz v. Selma United Methodist Church*, we held section 633.489 allowed an estate to be reopened when buried money that had never been administered as part of the estate was discovered more than five years after the estate's closing. *See* 467 N.W.2d 266, 270 (Iowa 1991). We explained:

> The five-year limitation on reopening a final settlement contained in section 633.488 is, by its express terms, aimed at an attempt to reopen an estate by an adversely affected person who was not given notice and opportunity to be heard on the final report.
>
> Section 633.488 contemplates a reopening of matters which have been previously considered in the final accounting, distribution, and settlement order. Section 633.489, on the other hand, is aimed at reopening a closed estate for the purpose of administering property omitted from the inventory or performing other necessary acts which were not performed during the original administration. Section 633.489 does not place any time limitation on reopening for such purposes.

*Id.* (footnote omitted).

Then, in *In re Estate of Lynch*, we held that an estate could be reopened under section 633.489 to correct an overpayment of statutory executor and attorney fees that had only been established through subsequent events. 491 N.W.2d 157, 159–61 (Iowa 1992). In *Lynch*, the state tax authorities had determined—after the closing of an estate—that certain assets were not part of the estate and that there had been an overpayment of inheritance tax. *Id.* at 158–59. This meant that executor

and attorney fees had been overpaid based on the erroneously overstated probate inventory. *Id.* at 160–61. We held that such a "mistake in the court's allowance of fees may constitute proper cause for reopening an estate." *Id.* at 161. As we noted later in *Roethler*, *Lynch* should be viewed as a case involving estate administration as well. *See Roethler*, 801 N.W.2d at 840. The issue was a "mistake in the court's allowance of fees," a matter of administration, not a challenge to the underlying distribution of property under the will. *See Lynch*, 491 N.W.2d at 161.

In *In re Estate of Warrington*, we held that a widow who had received a life estate in property under a will could utilize section 633.489 to seek authority to invade the principal of that property notwithstanding the passage of more than five years since the closing of the underlying estate. 686 N.W.2d 198, 200, 204–05 (Iowa 2004). Again, this did not affect the previously approved plan of distribution. *See id.* at 205 (noting that "Leona's right of invasion will not deprive the remainderpersons of any testamentary devise to which they were unconditionally entitled under the provisions of Leonard's will").

Finally, and most recently, in *Roethler*, we held that parties who had been given an option to buy real estate in a will but had never been formally notified of the probate proceedings—and never knew they had that option—could reopen an estate nine years after the final report to exercise that option. 801 N.W.2d at 835–37, 839–41. We reasoned that under our precedents, section 633.489 could be invoked when an action "required more than simply redistributing property amongst distributees, as contemplated in section 633.488." *Id.* at 840. As we put it:

> Section 633.489 applies where future events require administration of matters not considered in the final report, and a time-bar is inconsistent with this purpose.

. . . In cases applying section 633.489, the estates were reopened to reinventory property, to perform acts not considered in the original administration, or to perform acts more substantial than just distribution amongst distributees.

*Id.*

With the language of sections 633.488 and 633.489 and these precedents in mind, we now turn to the present case. This case does not involve some unperformed act of administration. The petitioners do not ask to be given the opportunity to exercise an option; they do not seek permission to invade principal based on the widow's postclosing financial circumstances; they do not request an adjustment of executor or attorney fees based on a postclosing decision of the state authorities; and they have not found some newly discovered property that needs to be handled. This case, purely and simply, involves "redistributing property amongst distributees." *Id.* The petitioners contend that Carroll's interest in the real estate should have been distributed to them rather than Christine. The "matter"—i.e., to whom did the will devise Carroll's real property interest?—"[was] previously considered in the final accounting, distribution, and settlement order." *Ritz*, 467 N.W.2d at 270. Thus, we conclude that this is an effort to reopen settlement, covered by section 633.488, rather than administration, covered by section 633.489.

Indeed, if this case were not covered by section 633.488, it is difficult to see what case *would be*. True, the relatives of Carroll and Christine did not receive formal notice in 1993. And, the probate court never heard them argue that article four of the will required the distribution of the real property interest to them rather than Christine.[2]

---

[2]Notably, the relatives' present argument that article four trumps article two means they should have received Carroll's half-interest in the real property outright in 1994. It is *not* consistent with their alleged understanding that they would receive the

But the very point of section 633.488 is to provide an outside five-year limit on claims challenging the settlement of property even when a party does *not* receive notice. If the relatives had received formal notice, section 633.487 would have barred their claims immediately.

We realize that section 633.489 allows an estate to be reopened "if other property be discovered, if any necessary act remains unperformed, *or for any other proper cause appearing to the court*." Iowa Code § 633.489 (emphasis added). We have previously explained that this language "should be read as permitting the district court to exercise discretion in considering a petition that alleges a cause for reopening other than the two causes specifically enumerated in section 633.489 (discovery of property, performance of necessary act)." *In re Estate of Witzke*, 359 N.W.2d 183, 185 (Iowa 1984). We have also said that a district court's decision to find or not to find proper cause should be reviewed for abuse of discretion. *Id.*; *see also Roethler*, 801 N.W.2d at 837, *Warrington*; 686 N.W.2d at 205; *Lynch*, 491 N.W.2d at 161.

But "[u]nder the doctrine of *ejusdem generis*, general words which follow specific words are tied to the meaning and purpose of the specific words." *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.*, 606 N.W.2d 376, 380 (Iowa 2000); *see also Sallee v. Stewart*, 827 N.W.2d 128, 153 (Iowa 2013). So "other proper cause" should be interpreted with reference to the other items in the list—i.e., other property being discovered or any necessary act being unperformed—which concern unperformed acts of administration. *See*

---

property only after Christine's life estate terminated. As we note above, the executors' interpretation of the will giving priority to article two is actually *more* consistent with the relatives' alleged understanding of how things worked. The relatives' problem is that Christine changed her plan of distribution by executing a new will in 2006.

Iowa Code § 633.489. And if "other proper cause" were interpreted too expansively, it would subsume section 633.488's five-year time limit on reopening settlement.

Notably, the 1963 bar committee comment attributes only two purposes to section 633.489—"administration of newly discovered property" and "performance of required but omitted acts of personal representatives." 1963 Iowa Probate Code § 489 bar committee cmt., at 141. The comment does not suggest that "other proper cause" is intended to dramatically enlarge the scope of section 633.489 so it can be used to reopen settlement.

Additionally, "[t]o the extent there is conflict or ambiguity between specific and general statutes, the provisions of specific statutes control." *Freedom Fin. Bank v. Estate of Boesen*, 805 N.W.2d 802, 815 (Iowa 2011) (citation and internal quotation marks omitted); *see* Iowa Code § 4.7 ("If the conflict between the provisions is irreconcilable, the special . . . provision prevails as an exception to the general provision."). We would violate this principle if we were to read the general terminology "other proper cause" to encompass an effort to redistribute property based on lack of prior notice, a topic specifically covered by section 633.488.

Indiana's courts have concluded that Indiana's counterpart to Iowa Code section 633.489[3] cannot be used simply to alter the distribution of

---

[3]Indiana law provides:

> If, after an estate has been settled and the personal representative discharged, other property of the estate shall be discovered, or if it shall appear that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of the discharged personal representative or any person interested in the estate and, without notice or upon such notice as it may direct, may order that said estate be reopened. It may reappoint the personal representative or appoint another personal representative to administer such property or perform such act as may be deemed

property when there is no unperformed act of administration. *See In re Estate of Kalwitz*, 923 N.E.2d 982, 988 (Ind. Ct. App. 2010) (holding that Indiana Code section 29-1-17-14 cannot be used to modify a distribution of real property because it would be "an untimely attack on the decree of distribution" and the provision is not available to "seek[] a different distribution of the item of property" (citation and internal quotation marks omitted)); *In re Estate of McNabb*, 744 N.E.2d 569, 572–73 (Ind. Ct. App. 2001) (holding a petition which in form seeks to reopen an estate on the ground that some acts remain unperformed but in substance seeks a redistribution of assets is not covered by Indiana Code section 29-1-17-14 notwithstanding deficiencies in the closing statement or lack of notice).[4]

Another consideration is that "[n]otice, or the lack thereof, plays no part in [section 633.489]." *Roethler*, 801 N.W.2d at 840. "[T]he bar of section 633.487 does not prevent a person otherwise meeting the

_____

necessary. Unless the court shall otherwise order, the provisions of this article as to an original administration shall apply to the proceedings had in the reopened administration so far as may be, but no claim which is already barred can be asserted in the reopened administration.

Ind. Code § 29-1-17-14(a) (West, Westlaw through 2013 legislation).

[4]Louisiana law on reopening estates also employs the "other proper cause" terminology:

After a succession representative has been discharged, if other property of the succession is discovered *or for any other proper cause*, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be reopened. The court may reappoint the succession representative or appoint another succession representative. The procedure provided by this Code for an original administration shall apply to the administration of a reopened succession in so far as applicable.

La. Code Civ. Proc. Ann. art. 3393(A) (West, Westlaw through 2013 Sess.) (emphasis added). According to the Louisiana Supreme Court, "Courts have found 'other proper cause' under [article 3393] to exist under extremely limited circumstances . . . ." *In re Succession of Villarrubia*, 680 So.2d 1147, 1150 (La. 1996).

requirements of section 633.489 from reopening an estate." *Warrington,* 686 N.W.2d at 204; *see also Lynch,* 491 N.W.2d at 160. Assume, therefore, that the siblings of Carroll and Christine and their descendants *had* been served with the final report and accounting in 1993. According to section 633.487, they would be barred thereafter from challenging the final decree of distribution (other than by direct appeal). However, if we accept their reading of section 633.489, and if notice plays no part, they could still petition for reopening of the estate nearly two decades later. That is illogical and would undermine the principle that we should read a statute as a whole and attempt to harmonize all of its provisions. *See Thoms v. Iowa Pub. Employees' Ret. Sys.,* 715 N.W.2d 7, 13 (Iowa 2006) ("We interpret statutes by considering them as a whole, not by looking at isolated parts of the statute."); *Bruce v. Wookey,* 261 Iowa 231, 233, 154 N.W.2d 93, 94 (Iowa 1967) ("Each section [of the Iowa Probate Code] must be construed with the act as a whole and all parts of the act considered, compared and construed together.").

The relatives' position, summarized on the final page of their brief, is that "[t]his case is a request to reopen the estate due to a massive mistake in the original probate proceeding. This is what Section 633.489 is designed to do." But of course every petition to reopen a legal proceeding involves some kind of alleged error, often claimed to be of great magnitude. Section 633.489, however, does not allow the distribution of property among heirs to be reopened, in the absence of some unperformed act of administration, simply because the petitioner asserts error in the prior distribution. In using section 633.489 for this purpose, the district court abused its discretion. *See In re Trust No. T-1 of Trimble,* 826 N.W.2d 474, 482 (Iowa 2013) (indicating that an abuse of

discretion occurs when the district court's ruling is "based on an erroneous application of the law" (citation and internal quotation marks omitted)).

### IV. Conclusion.

For the foregoing reasons, we hold the petitioners' claims are barred by section 633.488's five-year time limit. We vacate the decision of the court of appeals, reverse the order of the district court, and remand for further proceedings consistent herewith.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except Zager, J., who takes no part.